**WRITTEN CONSENT**

**OF**

**BAKER & TAYLOR, LLC**

**March 15, 2026**

**WHEREAS,** the undersigned, BTAC Holding Corp., a Delaware corporation ("**BTAC**" or the "**Governing Body**"), being the sole member of Baker & Taylor, LLC ("**B&T**" or the "**Company**") does hereby consent to, adopt, and approve by unanimous written consent the following resolutions in accordance with applicable law and the relevant provisions of the respective governing documents of the Company, and direct that this written consent be filed with the minutes of the proceedings of the Company;

**WHEREAS,** the Company with the assistance of legal and financial advisors, has been conducting a review of strategic alternatives;

**WHEREAS,** the Governing Body has certain responsibilities, powers, and authority to, among other things, consider and evaluate various strategic alternatives for the Company, including with respect to a liquidation of the Company's assets and any related actions that the Governing Body considers necessary or desirable to carry out its mandate;

**WHEREAS,** the Governing Body has reviewed and has had the opportunity to review and analyze the liabilities and liquidity of the Company, and the strategic alternatives available to the Company;

**WHEREAS,** the Governing Body has had the opportunity to consult with the management and the legal and financial advisors of the Company to fully consider, and have considered, the strategic alternatives available to the Company; and

**WHEREAS,** the Governing Body believes that taking the actions set forth below are in the best interests of the Company and, therefore, desires to adopt, authorize, and approve the following resolutions:

## I.  Commencement of the Chapter 11 Case

**RESOLVED**, the Governing Body has determined, after due consultation with the management and the legal and financial advisors of the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and be it further

**RESOLVED**, that Amandeep S. Kochar, as Chief Executive Officer and President of the Company and any other manager, member, officer, or director of the Company (with respect to the Company, each such person, an "**Authorized Person**"), in each case, acting singly or jointly,

1

be, and each hereby is, authorized, empowered and directed, with full power of delegation, to negotiate, execute, deliver and file with the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**"), in the name and on behalf of the Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, notices, and other documents (collectively, the "**Chapter 11 Filing**"), with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filing by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard; and be it further

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, in the name of and on behalf of the Company, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, appropriate, or desirable in connection with the Company's chapter 11 case (the "**Chapter 11 Case**") or the Chapter 11 Filing, including without limitation, (i) the payment of fees, expenses and taxes such Authorized Person deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Case with a view to the successful prosecution of the Chapter 11 Case (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

## II.  Debtor-in-Possession Financing; Cash Collateral and Adequate Protection

**RESOLVED**, that the Authorized Person be, and hereby is, authorized, but not directed, on behalf of and in the name of the Company, as debtor and debtor-in-possession, to enter into and execute and delivery such agreements, instruments and any and all other documents and amendments that the Authorized Person determines necessary or appropriate to facilitate the transactions contemplated by the foregoing resolutions, including, without limitation, any credit agreement, promissory note, letter of credit application, guarantee, mortgage, or other security instrument, consistent with terms approved by the Governing Body or the Authorized Person and containing such provisions, terms, conditions, covenants, warranties and representations as the Authorized Person shall determine necessary or appropriate, such execution and/or delivery to be conclusive evidence of such Authorized Person's determination and the Board's approval thereof; and be it further

**RESOLVED**, that the Company is authorized, but not directed, to amend its current credit facility and/or enter into such transactions as are necessary and appropriate to secure new financing, as debtor-in-possession financing or otherwise, and to facilitate the use of the cash collateral, as that term is defined in Bankruptcy Code section 363(a) in such amounts and on such terms as the Authorized Person may determine to be necessary or advisable (the execution and delivery by such Authorized Person to be conclusive evidence of such Authorized Person's determination and the Governing Body's approval thereof); and to sell, transfer, lease, assign, grant security interests in, mortgage or pledge any or all of the property and assets of the Company, real,

2

personal, or mixed, tangible or intangible, as security or otherwise in connection therewith, including, without limitation, the sale of all of the assets of the Company; and be it further

**RESOLVED,** that in order to use and obtain the benefits of such debtor-in-possession financing, and in accordance with Bankruptcy Code section 363, the Company may provide certain liens, claims, and adequate protection to its lenders to secure the obligations of the Company as documented in a proposed order in interim and final form authorizing and approving the transactions contemplated thereby, and submitted for approval to the Bankruptcy Court; and be it further

## III.  Retention of Advisors

**RESOLVED,** that in connection with the Chapter 11 Case, any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, on behalf of the Company, that such Authorized Person deems necessary, appropriate or advisable in connection with, or in furtherance of, the Chapter 11 Case, with a view to the successful prosecution of the Chapter 11 Case (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

**RESOLVED**, that the law firm of Offit Kurman, P.A., which has an office located at Court Plaza South, 21 Main Street, Suite 158, Hackensack, NJ 07601, is hereby retained as attorneys for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Riveron RTS, LLC, which has an office located at 155 N. Wacker, Suite 450, Chicago, IL 60606, is hereby retained as financial advisor for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED,** that the firm of Omni Agent Solutions, Inc., located at 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367, is hereby retained as claims, noticing and solicitation agent for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED,** that the firm of RMS US LLP, which has an office located at 300 South Tryon Street, Suite 1500, Charlotte, NC 28202, is hereby retained as audit and tax services advisor for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that any Authorized Person in each case, acting singly or jointly, be and each hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts and deeds, including, without limitation, (i) the payment of any consideration, (ii) the payment of fees, expenses and taxes such Authorized Person deems necessary, appropriate, or desirable , and (iii) negotiating, executing, delivering, performing and filing any and all documents, motions, pleadings, applications, declarations, affidavits, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with the

engagement of professionals contemplated by the foregoing resolutions (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

## IV.  General Authorization and Ratification

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be and each hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts or deeds, including, but not limited to, (i) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes, or certificates that may be required, (ii) the execution, delivery, performance under and filing (if applicable) of any of the foregoing, and (iii) the payment of all fees, consent payments, taxes, and other expenses as any such Authorized Person, in their sole discretion, may approve or deem necessary, appropriate or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings, and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to meet such standard; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Person in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects as the acts and deeds of the Company; and be it further

**RESOLVED**, that the Secretary of the Company is authorized to place a copy of this consent in the official records of the Company to document the actions set forth herein as actions taken by the applicable Governing Body of the Company; and be it further

**RESOLVED**, that this written consent may be executed in multiple counterparts (including by facsimile, electronic transmission (including ".pdf" or ".tiff") or otherwise), each of which shall be considered an original and all of which shall constitute one and the same instrument.

**IN WITNESS WHEREOF,** the undersigned being the Governing Body of the Company hereafter listed, has executed this written consent as of the date first set forth above.

> **BAKER & TAYLOR, LLC, a Delaware limited liability company**
>
> **By:  BTAC HOLDING CORP., a Delaware corporation, its sole member**
>
> By: _____
>
> Name:  Amandeep S. Kochar
> Title:   President

4