IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SARIENA CARMICHAEL and KRISTIE AMEN**, *individually and on behalf of those similarly situated,*<br><br>   Plaintiffs,<br><br>   v.<br><br>**BAKER & TAYLOR, LLC**,<br>2810 Coliseum Centre Dr,<br>Charlotte, North Carolina 28217<br><br>   Defendant. | Chapter 11<br><br>Case No. 26-12863<br><br><br>Adv. Proc. No. _____<br><br><br>**CLASS ACTION ADVERSARY PRECEEDING COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## INDIVIDUAL AND CLASS ACTION COMPLAINT

Sariena Carmichael and Kristie Amen ("Plaintiffs"), individually and on behalf of those similarly situated former employees as defined herein, hereby file this Class Action Adversary Proceeding Complaint against the debtor and debtor-in-possession in the captioned Chapter 11 proceeding Baker & Taylor, LLC. ("Defendant"), alleging as follows.

## NATURE OF THE ACTION

1. Plaintiffs bring this action pursuant to the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, N.J.S.A. 34:21-1 et seq. ("the New Jersey WARN Act"), on behalf of themselves individually and on behalf of similarly situated individuals who were employed by Defendant, and whom Defendant laid off as part of a mass layoff without the statutorily required notice and/or compensation (the "Putative Class Members").

2. Defendant is a Delaware Limited Liability Company with a principal place of

business in North Carolina, and is registered as a Limited Liability Company in New Jersey.

3. At all times relevant hereto, Plaintiffs and Putative Class Members reported to Defendant's Bridgewater, New Jersey facility.

4. On or about October 7, 2025, Defendant notified at least 50 employees that their employment with Defendant was ending on or about January 4, 2026.

5. In addition to Plaintiffs and Putative Class Members, Defendant also terminated over 500 employees at all facilities.

6. Defendant did not provide proper WARN Act notice, 90 days in advance, even though it planned to engage in a mass layoff of its employees at the Bridgewater, New Jersey facility.

7. Defendant did not provide Plaintiffs or Putative Class Members any severance compensation arising out of the termination set forth above.

8. By failing to provide affected employees with proper WARN Act Notices on October 7, 2025, or compensation arising out of their termination, Defendant violated the NJ WARN Act.

9. Defendant acted willfully and cannot establish that it had any reasonable basis for believing its actions were not in violation of the NJ WARN Act.

10. On or about February 19, 2026, Plaintiffs filed in the Superior Court of New Jersey, County of Somerset, Civil Law Division a class action lawsuit with Docket No. SOML000232-26 against Defendant, its owner and President Amandeep Kochar, and BTAC, a holding company owned and operated by Kochar, alleging violations of the NJ Warn Act (the "State Court Action"). A facsimile of the complaint in the State Court Action is attached as Exhibit "A" hereto.

11. On or about March 16, 2026, Defendant filed for Chapter 11 Bankruptcy in this

Court, Case No. 26-12863.

12.     None of the Defendant or the other defendants in the State Court Action had answered the complaint of the State Court Action as of the Defendant's Chapter 11 petition date. As a result of the Chapter 11 petition the Superior Court on March 18, 2026 dismissed the Defendant without prejudice from the State Court Action as to Defendant without prejudice.  The other defendants in the State Court Action have subsequently appeared by counsel, but have not yet answered or moved to dismiss the State Court Action.

13.     Plaintiff's claims, as well as Putative Class Members' claims, are entitled to partial administrative expense status pursuant to the United States Bankruptcy Code § 503(b)(1)(A) and partial, or alternatively, full priority status under 11 U.S.C. § 507(a)(4) and (5), up to the priority cap, with the balance, if any, being a general unsecured claim.

14.     Plaintiff will in due time file one or more proofs of claim corresponding to the liability of the Debtor asserted herein.

15.     Plaintiffs did not in the State Court Action, and does not herein, assert liability under the U.S. Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq*. Neither the State Court Action nor this instant action seeks relief which is duplicative, as to liability, named plaintiffs or absent class members, of that sought in the *Edwards et al.* vs. *Baker & Taylor, LLC* adversary case 26-AP-01148.

## JURISDICTION AND VENUE

16.     This Court has jurisdiction over this matter pursuant to 28 U.S.C §§ 1331, 1334, 1367.

17.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O). Pursuant to Fed. R. Bankr. P. 7008. Plaintiff consents to entry of final orders or judgment by the

bankruptcy court.

## PARTIES

18.     The foregoing paragraphs are incorporated herein as if set forth in full.

19.     Plaintiff Carmichael is a is a resident of New Jersey and a citizen of the United States. Plaintiff was employed, full time, by Defendant from January 4, 2004 through January 4, 2026. Plaintiff Carmichael worked at the Bridgewater, New Jersey, and she is an "aggrieved employee" within the meaning of N.J.S.A. 34-21-6 She was terminated without cause and did not receive 60 days' notice of termination.

20.     Plaintiff Amen is a resident of New Jersey and a citizen of the United States. Plaintiff was employed full time, by Defendant from March 26, 2007 through January 4, 2026. Plaintiff Amen worked at the Bridgewater, New Jersey, and she is an "aggrieved employee" within the meaning of N.J.S.A. 34-21-6. She was terminated without cause and did not receive 60 days' notice of termination. Plaintiff Amen  is a resident of New Jersey and a citizen of the United States.

21.     Defendant is registered as a limited liability company in New Jersey.

22.     At all times relevant herein, Defendant acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## CLASS ACTION ALLEGATIONS RULE 7023

23.     Pursuant to Rule 7023 of the Federal Rules of Bankruptcy and Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiffs bring their claims for relief ton behalf of themselves and a class consisting of all persons who were employed by Defendant and reported to Defendant's Bridgewater, New Jersey, location, whose employment was terminated on or about January 4, 2026 who did not receive severance compensation (the "Putative Class").

24.     The members of the Putative Class are so numerous that joinder of all members is impracticable.

25.     Although the precise number of such employees is unknown—the facts on which the calculation of that number depends are presently within the sole control of Defendants— upon information and belief, the Putative Class contains approximately 70 individuals.

    a.  Common questions of law and fact exist as to the claims of the members of the Putative Class that predominate over any questions only affecting them individually and include, but are not limited to, the following: whether Class Plaintiffs were employees of Defendants;

    b.  whether Class Plaintiffs were subjected to a mass layoff by Defendants; and

    c.  whether Defendants' failure to provide severance payments to employees subjected to a mass layoff at its Bridgewater, New Jersey facility, in January 2026, constitutes a violation of the New Jersey WARN Act.

26.     Plaintiffs' claims are typical of the claims of the Putative Class Members, because Plaintiffs, like all Putative Class Members, were employees of Defendant who reported to the Bridgewater, New Jersey facility, who suffered a loss of employment due to a mass layoff, and did not receive severance benefits due.

27.     Plaintiffs will adequately protect the interests of the putative class/collective Named Plaintiffs' claims are coincident with, and not antagonistic to, those of the class. Named Plaintiffs have retained counsel with substantial experience in the prosecuting of class claims involving employment disputes.

28.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. This class will be easily identifiable from Defendant's records.

29.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The members of the Putative Class have been damaged and are

entitled recovery as a result of Defendants' violations of the NJ WARN Act. Although the relative damages suffered by individual Putative Class members are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class litigation is superior because it will obviate the need for unduly duplicative claims.

30.     This action is properly maintainable as a class action under Rule 7023 of the Federal Rules of Bankruptcy and Federal Rule of Civil Procedure 23.

## FACTUAL BACKGROUND

31.     Plaintiffs bring their New Jersey WARN Act claim as a Class Action.

32.     Defendant is a 198 year old distributor of books, audiovisual materials  and digital contents to libraries.

33.     As of January 2025, Defendant operated several facilities, including but not limited service centers in Illinois, Georgia, and Bridgewater, New Jersey.

34.     Throughout 2025, approximately 85 employees of Defendant reported to Defendant's Bridgewater Book Service Center.

35.     In or around Fall 2025, Defendant determined that it would terminate operations.

36.     To effectuate the termination of operations, Defendant notified employees that most of its employees would be separated on October 6, 2025, and thereafter additional employees would be separated from employment through January 23, 2026.

37.     On or about October 7, 2025, Plaintiff Amen received notice that her employment with Defendant would terminate on January 4, 2026.

38.     On or about October 7, Plaintiff Sariena Carmichael received notice that her employment with Defendant would terminate on January 4, 2026.

39.     On or about October 7, 2025 and/or the days following, Putative Class Members

also received notice from Defendants that their employment with Defendant would terminate in or around January 4, 2026.

40.     In total, approximately 70 employees reporting to the Bridgewater Book and Service Center, were notified that their employment with Defendant would be terminated in January 2026.

41.     In addition to the employees at the Bridgewater Book Service Center, in or around Fall 2025, Defendants notified more than 500 employees that their employment with Defendant would end immediately and/or by January 2026.

42.     In or around Fall 2025, Defendant filed notice with the New Jersey Commission of Labor and Workforce Development notifying the Commission of a mass layoff at the Bridgewater Book and Service Center.

43.     Thereafter, on or about December 31, 2025, Named Plaintiffs received notice that Defendant B&T had determined the separations of the aforementioned employees did not constitute a "mass layoff" under the New Jersey Warn Act.

44.     Class Plaintiffs also received notice that Defendant had determined the separation of their employment did not constitute a "mass layoff" under the New Jersey Warn Act.

45.     On or about December 31, 2025, Defendant also provided notice to approximately 17 employees at its Bridgewater Service facility, notifying them it had determined their employment would not end on January 4, 2026, and would instead extend to mid-April.

46.     Defendant extended the employment of the aforementioned individuals in an effort to avoid the "mass layoff" threshold, and timeframe for same, as set forth in the New Jersey Warn Act.

47.     On or about January 4, 2026, Defendant terminated the employment of at least 50

employees who reported to its Bridgewater, New Jersey Facility, including Named Plaintiffs and Class Plaintiffs.

48.    Accordingly, the termination of employment of Plaintiffs and Putative Class Members constitutes a "mass layoff" within the meaning of the New Jersey Warn Act.

49.    Defendant has not provided Plaintiffs or Putative Class Members with any severance pay arising out of their termination.

50.    As a result of Defendant's actions, Plaintiffs and Putative Class Members have suffered damages.

**COUNT I**
**<u>Violations of the New Jersey WARN Act</u>**

51.    The foregoing paragraphs are incorporated herein as if set forth in full.

52.    At all times relevant hereto, Defendant constituted an employer within the meaning of the New Jersey WARN Act, NJSA 34:12-1 *et seq*.

53.    Defendant's closure of its facility in Bridgewater, New Jersey constituted a termination of operations within the meaning of the New Jersey WARN Act.

54.    Defendant's termination of employees reporting to the Bridgewater, New Jersey facility constituted a "mass layoff" within the meaning of the New Jersey WARN Act.

55.    Defendant failed to provide Plaintiffs and Putative Class Members 90 days notice of a mass layoff as required under the New Jersey WARN Act.

56.    Defendant's failed to provide Plaintiffs and Putative Class Members the severance payments due tin accordance with the New Jersey WARN Act.

57.    As a result of Defendants' violations, Plaintiffs and Putative Class Members have suffered damages.

**WHEREFORE**, Plaintiffs and Putative Class Members pray that this Court enter an Order

providing that:

A.      Certification that Plaintiffs and Putative Class Members constitute a single class pursuant to Rule 7023 of the Federal Rules of Bankruptcy and Rule 23 of the Federal Rules of Civil Procedure;

B.      A money judgment in favor of Plaintiffs and Putative Class Members equal to the sum of all unpaid wages due in accordance with the New Jersey WARN Act.

C.      Treatment of the aforesaid money judgment (to the extent it reflects unpaid wages or benefits) as an allowed priority claim pursuant to 11 U.S.C. § 507(a)(4) and (5) up to the maximum allowable amount per employee, and the remainder as a general unsecured claim, or as an administrative expense pursuant to 11 U.S.C. § 503(b)(1)(a);

D.      Plaintiffs and Putative Class Members are to be awarded the costs and expenses of this action and reasonable legal fees as provided under applicable law;

E.      Plaintiffs and Putative Class Members are to be awarded any and all other equitable and legal relief as the Court deems appropriate; and

F.      Named Plaintiffs and Class Plaintiffs' claims are to receive a trial by jury.

Respectfully Submitted,

*/s/ Manali Arora*
Manali Arora, Esq.
Matthew D. Miller, Esq.
**SWARTZ SWIDLER, LLC**
9 Tanner Street, Suite 101
Haddonfield NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

**Exhibit A**

**State Court Action Complaint**

Manali Arora, Esq. (005402010)
Matthew D. Miller, Esq. (029972011)
SWARTZ SWIDLER, LLC
9 Tanner Street, Suite 101
Haddonfield NJ 08033
Ph: (856) 685-7420

| | |
|---|---|
| **SARIENA CARMICHAEL**, *individually and on behalf of those similarly situated,*<br><br>  And<br><br>**KRISTIE AMEN**, *individually and on behalf of those similarly situated,*<br><br>    Plaintiffs,<br><br>    v.<br><br>**BAKER & TAYLOR, LLC**,<br>2810 Coliseum Centre Dr,<br>Charlotte, North Carolina 28217<br><br>  And<br><br>**BTAC HOLDING CORP**.,<br>2810 Coliseum Centre Dr,<br>Charlotte, North Carolina 28217<br><br>  And<br><br>**AMANDEEP KOCHAR**,<br>2810 Coliseum Centre Dr,<br>Charlotte, North Carolina 28217<br><br>    Defendants. | **SUPERIOR COURT OF NEW JERSEY**<br><br>**COUNTY OF SOMERSET**<br><br>CIVIL LAW DIVISION<br><br><br>Civil A. No:<br><br><br>**INDIVIDUAL AND CLASS ACTION COMPLAINT UNDER NJ WARN ACT**<br><br><br>**JURY TRIAL DEMANDED** |

## INDIVIDUAL AND CLASS ACTION COMPLAINT

Named Plaintiffs Sariena Carmichael (hereinafter "Named Plaintiff Carmichael")and Kristie Amen (hereinafter "Named Plaintiff Amen") (hereinafter collectively referred to as "Named Plaintiffs"), individually and on behalf of those similarly situated (hereinafter referred to as "Class Plaintiffs"), by and through undersigned counsel, hereby complain as follows against

Defendants Baker and Taylor, LLC (hereinafter referred to as "Defendant B&T"), Defendant BTAC Holding Corp. (hereinafter "Defendant BTAC"), and Defendant Amandeep Kochar (hereinafter referred to as "Defendant Kochar") (hereinafter collectively "Defendants").

## INTRODUCTION

1.      Named Plaintiffs have initiated the instant action to redress Defendants' violations of the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, N.J.S.A. 34:21-1 *et seq.* ("the New Jersey WARN Act"). In sum, Defendants closed down the plant where Named Plaintiffs and Class Plaintiffs worked without providing the benefits required by the New Jersey WARN Act. As a result of Defendants' unlawful actions, Named Plaintiffs and Class Plaintiffs have suffered damages.

## PARTIES

2.      The foregoing paragraphs are incorporated herein as if set forth in full.

3.      Named Plaintiff Amen is an adult individual who resides in New Jersey.

4.      Named Plaintiff Carmichael is an adult individual who resides in New Jersey.

5.      Class Plaintiffs represent employees who were employed by Defendants, and reported to its Bridgewater, New Jersey facility, who were subjected to layoffs in January 2026.

6.      Defendant B&T a company that operated a business in New Jersey.

7.      Defendant BTAC is the company that operates/operated Defendant B&T.

8.      Defendant Amandeep Kochar is the individual that owns and operates Defendant BTAC, and accordingly Defendant B&T.

9.     At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## NEW JERSEY WARN ACT ALLEGATIONS

10.     The foregoing paragraphs are incorporated herein as if set forth in full.

11.     Named Plaintiffs bring their claims for relief to redress Defendants' violations of the New Jersey WARN Act as a class action pursuant to Rule 4:32 of the New Jersey Rules of Civil Procedure individually and on behalf of all persons who worked as employees at Defendants' Bridgewater, New Jersey facility, whose employment was terminated as a result of a mass layoff (hereinafter also referred to as "Class Plaintiffs").

12.     Specifically Named Plaintiff seeks to represent a class or collective of all individuals whom Defendant failed to provide the severance payments following a mass layoff at the Bridgewater, New Jersey facility (the members of this putative collective/class are referred to as "Class Plaintiffs"), as required by the New Jersey WARN Act.

13.     The class is so numerous that joinder of all class members is impracticable.

14.     Upon information and belief, the number of potential class members is more than 50 individuals.

15.     Named Plaintiffs' claims are typical of the claims of the putative/collective class members, because Named Plaintiffs, like all Class Plaintiffs, were employees of Defendants who reported to the Bridgewater, New Jersey facility, who suffered a loss of employment due to a mass layoff, and did not receive severance benefits due.

16. Named Plaintiffs will adequately protect the interests of the putative class/collective Named Plaintiffs' claims are coincident with, and not antagonistic to, those of the class. Named Plaintiffs have retained counsel with substantial experience in the prosecuting of class claims involving employment disputes.

17. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. This class will be easily identifiable from Defendants' records.

18. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiffs do not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is estimated to be more than 100 individuals.

19. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

20. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

21. Questions of law and fact are common to the members of the class action. Among the questions that are common to the class action are:

a.      whether Class Plaintiffs were employees of Defendants;

b.      whether Class Plaintiffs were subjected to a mass layoff by Defendants; and

c.      Whether Defendants' failure to provide severance payments to employees subjected to a mass layoff at its Bridgewater, New Jersey facility, in January 2026, constitutes a violation of the New Jersey WARN Act.

## FACTUAL BACKGROUND

22.     Defendant B&T is a 198 year old distributor of books, audiovisual materials  and digital contents to libraries.

23.     As of January 2025, Defendant B&T operated several facilities, including but not limited service centers in Illinois, Georgia, and Bridgewater, New Jersey.

24.     At all times relevant hereto Defendant Kochar was the President of Defendant B&T.

25.     At all times relevant hereto Defendant Kochar owned and operated Defendant BTAC, and was the sole member of same, which constituted a holding company that owned and operated Defendant B&T.

26.     Accordingly, Defendant Kochar is the owner of Defendant B&T.

27.     On or about January 4, 2004, Named Plaintiff Carmichael began working for Defendants.

28.     On or about March 26, 2007, Named Plaintiff Amen began working for Defendants.

29.     At all times relevant hereto, Named Plaintiffs reported to Defendant's Bridgewater Book and Service Center, located in Bridgewater, New Jersey.

30.     Throughout 2025, approximately 85 employees of Defendant reported to Defendant's Bridgewater Book Service Center.

31.     Prior to Fall 2025, Defendant B&T began to suffer from financial difficulty.

32. As a result of same, Defendant B&T sought a sale of its assets and operations to ReaderLink Distribution Services, LLC.

33. No agreement with ReaderLink Distribution Services, LLC was reached regarding the sale of the assets and operations of Defendant B&T.

34. Accordingly, Defendant B&T determined that it would terminate operations.

35. To effectuate the termination of operations, Defendant B&T notified employees that most of its employees would be separated on October 6, 2025, and thereafter additional employees would be separated from employment through January 23, 2026.

36. On or about October 7, 2025, Named Plaintiff Amen received notice that her employment with Defendant B&T would terminate on January 4, 2026.

37. On or about October 7, Named Plaintiff Sariena Carmichael received notice that her employment with Defendant B&T would terminate on January 4, 2026.

38. On or about October 7, 2025 and/or the days following, Class Plaintiffs also received notice from Defendants that their employment with Defendants would terminate in or around January 4, 2026.

39. In total, approximately 70 employees reporting to the Bridgewater Book and Service Center, were notified that their employment with Defendants would be terminated in January 2026.

40. In addition to the employees at the Bridgewater Book Service Center, in or around Fall 2025, Defendants notified more than 500 employees that their employment with Defendants would end immediately and/or by January 2026.

41.     In or around Fall 2025, Defendant B&T filed notice with the New Jersey Commission of Labor and Workforce Development notifying the Commission of a mass layoff at the Bridgewater Book and Service Center.

42.     On or about October 1, 2025, Defendants terminated the severance plan of Defendant B&T.

43.     Thereafter, on or about December 31, 2025, Named Plaintiffs received notice that Defendant B&T had determined the separations of the aforementioned employees did not constitute a "mass layoff" under the New Jersey Warn Act.

44.     Class Plaintiffs also received notice that Defendant B&T had determined the separation of their employment did not constitute a "mass layoff" under the New Jersey Warn Act.

45.     On or about December 31, 2025, Defendants also provided notice to approximately 17 employees at its Bridgewater Service facility, notifying them it had determined their employment would not end on January 4, 2026, and would instead extend to mid-April.

46.     Defendants extended the employment of the aforementioned individuals in an effort to avoid the "mass layoff" threshold, and timeframe for same, as set forth in the New Jersey Warn Act.

47.     On or about January 4, 2026, Defendants terminated the employment of at least 50 employees who reported to its Bridgewater, New Jersey Facility, including Named Plaintiffs and Class Plaintiffs.

48.     Accordingly, the termination of employment of Named Plaintiffs and Class Plaintiffs constitutes a "mass layoff" within the meaning of the New Jersey Warn Act.

49.     Defendants have not provided Named Plaintiffs or Class Plaintiffs with any severance pay arising out of their termination.

50.     As a result of Defendants actions, Named Plaintiffs and Class Plaintiffs have suffered damages.

## COUNT I
### Violations of the New Jersey WARN Act

51.     The foregoing paragraphs are incorporated herein as if set forth in full.

52.     At all times relevant hereto, Defendants constituted employers within the meaning of the New Jersey WARN Act, NJSA 34:12-1 *et seq*.

53.     Defendants' closure of its facility in Bridgewater, New Jersey constituted a termination of operations within the meaning of the New Jersey WARN Act.

54.     Defendants' termination of employees reporting to the Bridgewater, New Jersey facility constituted a "mass layoff" within the meaning of the New Jersey WARN Act.

55.     Defendants failed to provide Named Plaintiffs and Class Plaintiffs 90 days notice of a mass layoff as required under the New Jersey WARN Act.

56.     Defendants' failed to provide Named Plaintiffs and Class Plaintiffs the severance payments due tin accordance with the New Jersey WARN Act.

57.     As a result of Defendants' violations, Named Plaintiffs and Class Plaintiffs have suffered damages.

**WHEREFORE**, Named Plaintiffs and Class Plaintiffs pray that this Court enter an Order providing that:

A.     Certification that Named Plaintiffs and Class Plaintiffs constitute a single class,

B.     A money judgment in favor of Named Plaintiffs and Class Plaintiffs equal to the sum of all unpaid wages due in accordance with the New Jersey WARN Act.

C.      Named Plaintiffs and Class Plaintiffs are to be awarded the costs and expenses of

this action and reasonable legal fees as provided under applicable law;

D.      Named Plaintiffs and Class Plaintiffs are to be awarded any and all other equitable

and legal relief as the Court deems appropriate; and

E.      Named Plaintiffs and Class Plaintiffs' claims are to receive a trial by jury.

Respectfully Submitted,

/s/ Manali Arora_____
Manali Arora, Esq.
Matthew D. Miller, Esq.
**SWARTZ SWIDLER, LLC**
9 Tanner Street, Suite 101
Haddonfield NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Dated: February 18, 2026

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

By:     *s/ Manali Arora*

Manali Arora, Esq.

## RULE 4:5-1 CERTIFICATION

I am licensed to practice law in New Jersey, and I am responsible for the above captioned matter.  I am not aware of any other proceeding which is the subject of the instant matter.

By:     *s/ Manali Arora*

Manali Arora, Esq.

## DESIGNATION OF TRIAL COUNSEL

Manali Arora, Esq., of the law firm of Swartz Swidler, LLC, is hereby designated trial counsel.

By:     *s/ Manali Arora*

Manali Arora, Esq.

Dated: February 18, 2026