| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>OFFIT KURMAN, P.A.<br>By: Paul J. Winterhalter, Esquire (006961986)<br>Augustus T. Curtis (admitted *pro hac vice*)<br>Court Plaza South<br>21 Main Street, Suite 158<br>Hackensack, NJ 07601<br>Telephone: (267) 338-1370<br>Facsimile: (267) 338-1335<br>E-mail: pwinterhalter@offitkurman.com<br>      augie.curtis@offitkurman.com<br><br>*Counsel for the Debtor* | Case No.:    26-12863<br>Judge: Christine M. Gravelle<br>Chapter    11 |
| IN RE:<br><br>BAKER & TAYLOR, LLC,<br><br>          Debtor | |

## NOTICE OF BAR DATES FOR SUBMITTING PROOFS OF CLAIM AND CLAIMS UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE AGAINST THE DEBTOR

PLEASE TAKE NOTICE THAT the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") has entered the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date, Rejection Damages Bar Date, and Administrative Claims Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief* (the "Bar Date Order") [Docket No. ___] **establishing 5:00 p.m. prevailing Eastern Time on July 17, 2026** (the "General Claims Bar Date"), as the last date for each Person or Entity[1] (including individuals, partnerships, corporations,

---

[1] Except as otherwise defined herein, all terms specifically defined in the Bankruptcy Code (as defined herein) shall have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein: (a) the term "Claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "Entity" (including individuals, partnerships, corporations, joint ventures, and trusts) has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "Governmental Unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "Person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

joint ventures and trusts) to submit proofs of claim (each, a "Proof of Claim") against the debtor listed above (the "Debtor"). A copy of the Bar Date Order, and any exhibits thereto are available (i) at the Debtor's expense upon request to Omni Agent Solutions (the "Notice and Claims Agent"), by calling (888) 711-2794 (US & Canada toll free) or (747) 288-6438 (International) or emailing BakerTaylorInquiries@OmniAgnt.com (ii) at the Debtor's expense by visiting the Notice and Claims Agent's website for the case at https://omniagentsolutions.com/BakerTaylor-Claims, or (iii) for a fee via PACER by visiting http://ecf.njb.uscourts.gov.

The Bar Date Order requires, except for certain claims specifically excluded from the Bar Date submission requirements, that all Persons or Entities (collectively, the "Claimants") holding or wishing to assert a Claim against the Debtor that arose or is deemed to have arisen prior to March 16, 2026 (the "Petition Date"), to submit a Proof of Claim so as to be actually received by the Notice and Claims Agent on or before the applicable bar date as set forth below (collectively, the "Bar Dates").

| Debtor Name | Case Number |
|---|---|
| **Baker & Taylor, LLC** | **26-12863 (CMG)** |
| **General Claims Bar Date** | **July 17, 2026**, at 5:00 p.m., prevailing Eastern Time (the "General Claims Bar Date") is the last date and time for all Claimants to submit Proofs of Claim based on prepetition claims, including requests for payment under section 503(b)(9) of the Bankruptcy Code against the Debtor. |
| **Governmental Bar Date** | Solely as to Governmental Units, September 14, 2026, at 5:00 p.m. (the "Governmental Bar Date"), prevailing Eastern Time, is the last date and time for each such Governmental Unit to file Proofs of Claim asserting prepetition Claims against the Debtor. |
| **Amended Schedules Bar Date** | In the event that the Debtor amends its Schedules (as defined herein), the Bar Date Order establishes the later of (a) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is thirty (30) days from the date on which the Debtor provide notice of the amendment to the Schedules (the "Amended Schedules Bar Date"), is the last date and time for each such Governmental Unit to file Proofs of Claim asserting prepetition Claims against the Debtor. |
| **Rejection Damages Bar Date** | Solely as to Claims arising from the Debtor's rejection of executory contracts and unexpired leases, the later of (a)(i) the General Claims Bar Date or (ii) Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is thirty (30) days following entry of the order |

| | approving the Debtor's rejection of the applicable executory contract or unexpired lease (the "Rejection Damages Bar Date"), is the last date and time for each such Claimant to file Proofs of Claim asserting Claims against the Debtor arising from such rejection. |
|---|---|

> **A holder of a possible Claim against the Debtor should consult an attorney regarding any matters not covered by this notice, such as whether the holder should submit a Proof of Claim.**

Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent *actually receives* the Proof of Claim on or before the applicable Bar Date by: (i) electronically using the interface available on the Notice and Claims Agent's website https://omniagentsolutions.com/BakerTaylor-Claims or (ii) first-class U.S. Mail, overnight delivery, or hand delivery at the following address: Baker and Taylor, LLC Claims Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367. A proof of claim or interest will be deemed timely filed only when received by the Notice and Claims Agent on or before the Bar Date.

**PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL,
BY HAND DELIVERY, OR THROUGH OMNI'S WEBSITE.**

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR EMAIL WILL NOT BE
ACCEPTED AND WILL NOT BE DEEMED TIMELY SUBMITTED**

<u>Contents of Proofs of Claim</u>. Each Proof of Claim must: (i) be written in English; (ii) be denominated in U.S. Dollars; (iii) conform substantially with the form of Proof of Claim attached as Exhibit 1 to the Bar Date Order (the "Proof of Claim Form") as provided by the Debtor or Official Form 410; and (iv) be signed or electronically transmitted through the interface on Omni's website at https://omniagentsolutions.com/BakerTaylor-Claims by the Claimant or by an authorized agent or legal representative of the Claimant.

<u>Section 503(b)(9) Claims</u>. Vendors and suppliers of goods may be entitled to request an administrative priority Claim under section 503(b)(9) of the Bankruptcy Code to the extent they delivered, and the Debtor received, goods within the twenty-day period prior to the Petition Date. The Court has deemed the submission of a Proof of Claim as satisfying the procedural requirements for asserting such a Claim under section 503(b)(9) of the Bankruptcy Code. In addition to the other requirements listed above, any Proof of Claim asserting a 503(b)(9) Claim must (i) include the value of the goods delivered to and received by the Debtor in the twenty days prior to the Petition Date; (ii) attach documentation of the date on which the goods were delivered to and received by the Debtor; (iii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iv) attach documentation of any reclamation demand made against the Debtor under section 546(c) of the Bankruptcy Code (if applicable); and

(v) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtor.

Consequences of Failing to Timely Submit Your Proof of Claim. Any Claimant who is required, but fails, to submit a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such Claim against the Debtor (or submitting a Proof of Claim with respect thereto). In such event, the Debtor's property shall be forever discharged from any and all indebtedness or liability with respect to such Claim, and such holder shall not be permitted to vote to accept or reject any plan of reorganization filed in these chapter 11 cases or participate in any distribution on account of such Claim or receive further notices regarding such Claim.

Reservation of Rights. Nothing contained in this notice is intended to or should be construed as a waiver of the Debtor's right to: (a) dispute, or assert offsets or defenses against, any submitted Proof of Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability, or classification of such Claims; (b) subsequently designate any scheduled Claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

Additional Information. If you have any questions regarding the Claims process and/or if you wish to obtain a copy of the Bar Date Order (which contains a more detailed description of the requirements for submitting Proofs of Claim), a Proof of Claim Form, or related documents, you may do so by visiting https://omniagentsolutions.com/BakerTaylor-Claims or contacting the Notice and Claims Agent by calling (888) 711-2794 (US & Canada toll free) and (747) 288-6438 (International) or emailing BakerTaylorInquiries@OmniAgnt.com, and/or writing to the following address: Baker and Taylor, LLC Claims Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367.