| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>OFFIT KURMAN, P.A.<br>By: Paul J. Winterhalter, Esq. (006961986)<br>Court Plaza South<br>21 Main Street, Suite 158<br>Hackensack, NJ 07601<br>Telephone: (267) 338-1370<br>Facsimile: (267) 338-1335<br>E-mail: pwinterhalter@offitkurman.com<br><br>*Counsel for the Debtor* | |
| IN RE:<br><br>BAKER & TAYLOR, LLC,<br><br>Debtor | Case No.: 26-12863<br>Judge: Christine M. Gravelle<br>Chapter 11 |

**FIRST AMENDED CHAPTER 11 LIQUIDATING PLAN OF BAKER & TAYLOR, LLC (TECHNICAL AMENDMENTS)**

Baker & Taylor, LLC (the "Debtor") respectfully submits its Plan for the orderly liquidation of assets pursuant to Chapter 11, Title 11 of the United States Code as follows:

# TABLE OF CONTENTS

Page

**TABLE OF CONTENTS .................................................................................................. ii**

**ARTICLE I. DEFINITIONS AND INTERPRETATION ............................................................ 1**

1.01 Definitions................................................................................................................ 1
1.02 Interpretation; Application of Definitions and Rules of Construction......................... 7

**ARTICLE II. UNCLASSIFIED CLAIMS ............................................................................ 7**

2.01 Administrative Claims. ............................................................................................. 8
2.02 Professional Fees. .................................................................................................... 9
2.03 Priority Tax Claims................................................................................................... 9
2.04 U.S. Trustee Fees. .................................................................................................... 10

**ARTICLE III. CLASSIFICATION OF CLAIMS AND INTERESTS ...................................... 10**

3.01 Classification in General........................................................................................... 10
3.02 Classification of Claims and Interests........................................................................ 10
3.03 Elimination of Vacant Classes. .................................................................................. 10
3.04 Confirmation Pursuant to Section 1129(b) of the Bankruptcy Code............................ 10

**ARTICLE IV. TREATMENT OF CLAIMS AND INTERESTS ............................................. 11**

4.01 Class 1 – Priority Non-Tax Claims............................................................................. 11
4.02 Class 2 – WARN Act Claims...................................................................................... 11
4.03 Class 3 – Unsecured Claims. ..................................................................................... 11
4.04 Class 4 – Interests. ................................................................................................... 12

**ARTICLE V. MEANS FOR IMPLEMENTATION OF THE PLAN ........................................ 12**

5.01 Plan Administrator.................................................................................................... 12
5.02 Powers of the Plan Administrator.............................................................................. 13
5.03 Plan Administrator Reserve. ...................................................................................... 13
5.04 The Oversight Committee.......................................................................................... 13
5.05 Implementation. ........................................................................................................ 14
5.06 Corporate Governance. .............................................................................................. 14
5.07 Compromise of Controversies. ................................................................................... 15
5.08 Effectuating Documents; Further Transactions. .......................................................... 15
5.09 Access to Debtor's Books and Records After the Effective Date. ................................ 16

**ARTICLE VI. DISTRIBUTIONS ...................................................................................... 16**

6.01 Distributions............................................................................................................. 16
6.02 Allocation of Plan Distributions Between Principal and Interest. ................................ 17
6.03 No Postpetition Interest on Claims. ........................................................................... 17
6.04 Date of Distributions................................................................................................. 17
6.05 Distribution Record Date. .......................................................................................... 17
6.06 Delivery of Distributions. .......................................................................................... 18
6.07 Manner of Payment Under Plan.................................................................................. 18

6.08 Unclaimed Property. .......... 18
6.09 De Minimis Distributions. .......... 18
6.10 Setoff and Recoupment. .......... 19
6.11 Withholding and Reporting Requirements. .......... 19
6.12 Claims Paid or Payable by Third Parties. .......... 19

**ARTICLE VII. PROCEDURES FOR RESOLVING CLAIMS .......... 20**

7.01 Objections to Claims and Settlements; Treatment of Disputed Claims. .......... 20
7.02 Preservation of Causes of Action. .......... 21

**ARTICLE VIII. EXECUTORY CONTRACTS AND UNEXPIRED LEASES .......... 21**

8.01 General Treatment. .......... 21
8.02 Claims Based on Rejection of Executory Contracts or Unexpired Leases. .......... 22
8.03 Cure of Defaults for Assumed Executory Contracts and Unexpired Leases. .......... 22
8.04 Reservation of Rights. .......... 22
8.05 Postpetition Contracts and Leases. .......... 23

**ARTICLE IX. CONDITIONS PRECEDENT TO CONSUMMATION OF THE PLAN .......... 23**

9.01 Condition Precedent to Confirmation. .......... 23
9.02 Conditions Precedent to the Effective Date. .......... 23
9.03 Waiver of Conditions Precedent; Bankruptcy Rule 3020(e) Automatic Stay. .......... 23
9.04 Effect of Failure of Conditions. .......... 24

**ARTICLE X. EFFECT OF CONFIRMATION .......... 24**

10.01 Binding Effect. .......... 24
10.02 Vesting of Assets. .......... 24
10.03 Term of Pre-Confirmation Injunctions or Stays. .......... 24
10.04 Releases. .......... 25
10.05 Exculpation and Limitation of Liability. .......... 27
10.06 Injunction. .......... 28
10.07 Reservation of Rights. .......... 29

**ARTICLE XI. RETENTION OF JURISDICTION .......... 29**

**ARTICLE XII. MISCELLANEOUS PROVISIONS .......... 30**

12.01 Exemption from Certain Transfer Taxes. .......... 30
12.02 Substantial Consummation. .......... 31
12.03 Amendments. .......... 31
12.04 Revocation or Withdrawal of the Plan. .......... 31
12.05 Severability. .......... 32
12.06 Additional Documents. .......... 32
12.07 Governing Law. .......... 32
12.08 Successors and Assigns. .......... 32
12.09 Notices. .......... 32
12.10 Reservation of Rights. .......... 33
12.11 Waiver or Estoppel. .......... 34
12.12 Entire Agreement .......... 34

# INTRODUCTION

On March 16, 2026, the Debtor commenced a bankruptcy case by filing its voluntary petition under Chapter 11 of Title 11 of the United States Code ("the Bankruptcy Code"), 11 U.S.C. § 101, *et seq.* This document is the Debtor's plan of orderly liquidation (the "Plan"). Sent to you in the same envelope as this document is a Disclosure Statement approved by the Bankruptcy Court explaining the background and provisions of the Plan.

Under section 1125(b) of the Bankruptcy Code, a vote to accept or reject the Plan cannot be solicited from a holder of a Claim or Interest until a disclosure statement has been approved by the Bankruptcy Court and distributed to holders of Claims and Interests. Holders of Claims and Interests should refer to the Disclosure Statement for a discussion of the Debtor's history, business, assets, financial information and events during this chapter 11 case, as well as a summary and description of the Plan. Before voting to accept or reject the Plan, holders of Claims entitled to vote on the Plan are encouraged to carefully read the Plan, the Disclosure Statement, and their respective exhibits and schedules in their entirety. These are the only materials approved for use in soliciting acceptances or rejections of the Plan.

# ARTICLE I.
# DEFINITIONS AND INTERPRETATION

## 1.01 Definitions.

As used in this Plan, except as expressly provided otherwise or unless the context requires otherwise, capitalized terms have the meanings set forth in this Article I (such meanings applicable to the singular and plural) and any term used in the Plan that is not defined herein, but is defined in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules. In all references herein to any parties, persons, entities, or corporations, the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text may require:

(a) *"Administrative Claim"* means a Claim for a cost or expense of administration of the Bankruptcy Case under sections 503(b) (including Claims arising under section 503(b)(9)), 507(a)(2), 507(b), or 1114(e)(2) of the Bankruptcy Code, including: (a) any actual and necessary cost and expense of preserving the estate or operating the Debtor's business incurred after the Petition Date and through the Effective Date; (b) any Allowed compensation for services rendered, and Allowed reimbursement of expenses incurred, by a Professional or otherwise Allowed pursuant to section 503(b) of the Bankruptcy Code; and (c) all U.S. Trustee Fees.

(b) *"Administrative Claims Bar Date"* means November 17, 2026, at 4:00 p.m. (prevailing Eastern Time), except that the Administrative Claims Bar Date for Administrative Claims pursuant to section 503(b)(9) of the Bankruptcy Code shall be the deadline set forth in the Bar Date Order.

(c) *"Affiliate"* means with respect to any Person, all Persons that would fall within the definition assigned to such term in section 101(2) of the Bankruptcy Code if such Person were a debtor in a case under the Bankruptcy Code.

(d) *"Allowed"* means, with respect to Claims against the Debtor, any Claim: (a) that has been listed by the Debtor in the schedules of assets and liabilities and not listed as unliquidated, disputed or contingent, and for which no proof of claim has been filed; (b) for which a valid proof of claim has been filed and (i) as to which the deadline for objecting or seeking estimation has passed, and no objection or request for estimation has been filed or (ii) as to which any objection or request for estimation that has been filed has been settled, withdrawn, or denied by a Final Order; or (c) that is allowed pursuant to (i) a Final Order, (ii) an agreement by the holder of such Claim and the Debtor, or (iii) the Plan. If a Claim is "Allowed" only in part, references to "Allowed Claims" include and are limited to the portion of such Claim that is Allowed.

(e) *"Bankruptcy Case"* means the chapter 11 case of the Debtor pending before the Bankruptcy Court, captioned *In re Baker & Taylor, LLC*, Case No. 26-12863.

(f) *"Bankruptcy Code"* means title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended from time to time.

(g) *"Bankruptcy Court"* means the United States Bankruptcy Court for the District of New Jersey, or any other court having jurisdiction over the Bankruptcy Case or any proceeding within, or appeal of an order entered in, this Bankruptcy Case.

(h) *"Bankruptcy Rules"* means the Federal Rules of Bankruptcy Procedure and, where applicable, the local rules of the Bankruptcy Court as applicable to this Bankruptcy Case.

(i) *"Bar Date Order"* means the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(B)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form, Manner and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof and (V) Granting Related Relief* [Docket No. 118].

(j) *"Business Day"* means any day other than a Saturday, Sunday, or a "legal holiday," as defined in Bankruptcy Rule 9006(a).

(k) *"Cash"* means the legal currency of the United States of America or the equivalents thereof.

(l) *"Cause of Action"* means any action, claim, cause of action, controversy, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, offset, power, privilege, license, and franchise of any kind or character whatsoever, whether known or unknown, contingent or non-contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or

undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity or pursuant to any other theory of law, including claims, causes of action, objections, rights and remedies arising under chapter 5 of the Bankruptcy Code.

(m) *"Cigna"* means Cigna Health and Life Insurance Company.

(n) *"Cigna ASO Account"* means the account established pursuant to that certain Administrative Services Only Agreement executed on or about March 17, 2022 by and between the Debtor and Cigna for administration of claims under the Baker & Taylor Self-Funded Health Benefit Plan.

(o) *"Claim"* means any "claim" against the Debtor as such term is defined in section 101(5) of the Bankruptcy Code.

(p) *"Claims Objection Deadline"* means the later of 180 days after (i) the Effective Date or (ii) the date that a proof of Claim is filed or amended.

(q) *"Class"* means each category of Claims or Interests established under Article III of the Plan pursuant to sections 1122 and 1123(a)(1) of the Bankruptcy Code.

(r) *"Committee"* means the Official Committee of Unsecured Creditors appointed in this Bankruptcy Case.

(s) *"Confirmation Date"* means the date on which the Clerk of the Bankruptcy Court enters the Confirmation Order on the docket of this chapter 11 case.

(t) *"Confirmation Hearing"* means the hearing to be held before the Bankruptcy Court to confirm the Plan, as such hearing may be adjourned or continued from time to time.

(u) *"Confirmation Order"* means the order of the Bankruptcy Court approving the Disclosure Statement as providing adequate information pursuant to section 1125(a) of the Bankruptcy Code on a final basis and confirming the Plan pursuant to section 1129 of the Bankruptcy Code.

(v) *"Debtor"* means Baker & Taylor, LLC.

(w) *"Disclosure Statement"* means the disclosure statement that relates to the Plan (including all exhibits and schedules annexed thereto or referred to therein), as may be amended, modified, or supplemented from time to time, and as approved by order of the Bankruptcy Court.

(x) *"Disputed Claim"* means any Claim that is not an Allowed Claim and has not yet been disallowed by Final Order. For the avoidance of doubt, any Claim, in whole or in part, that is subject to a pending objection or request for estimation shall be considered

a Disputed Claim until that objection or request for estimation has been resolved by a Final Order.

(y) *"Distribution Record Date"* means, with respect to all Classes, the Confirmation Date or such other date as shall be established by the Bankruptcy Court in (a) the Confirmation Order or (b) upon request of the Debtor, a separate order of the Bankruptcy Court.

(z) *"Effective Date"* means the first business day after the Confirmation Order becomes a Final Order.

(aa) *"Exculpated Parties"* means each of the following in their capacity as such: (i) the Debtor; (ii) the Committee and each of its members (only in their capacity as Committee members and not in their individual capacities); (iii) the Plan Administrator; (iv) the Oversight Committee and each of its members; and (v) all officers, directors, employees, agents, attorneys, financial advisors, investment bankers, consultants, and other professionals of the foregoing, to the extent such parties are or were acting in such capacity between the Petition Date and the date of entry of a final decree closing the Bankruptcy Case.

(bb) *"Final Order"* means an order or judgment entered by the Bankruptcy Court or other court of competent jurisdiction: (a) that has not been reversed, stayed, modified, amended, or revoked, and as to which (i) any right to appeal or seek leave to appeal, certiorari, review, reargument, stay, or rehearing has been waived or (ii) the time to appeal or seek leave to appeal, certiorari, review, reargument, stay, or rehearing has expired and no appeal, motion for leave to appeal, or petition for certiorari, review, reargument, stay, or rehearing is pending; or (b) as to which an appeal has been taken, a motion for leave to appeal, or petition for certiorari, review, reargument, stay, or rehearing has been filed and (i) such appeal, motion for leave to appeal or petition for certiorari, review, reargument, stay, or rehearing has been resolved by the highest court to which the order or judgment was appealed or from which leave to appeal, certiorari, review, reargument, stay, or rehearing was sought and (ii) the time to appeal (in the event leave is granted), appeal further or seek leave to appeal, certiorari, further review, reargument, stay, or rehearing has expired and no such appeal, motion for leave to appeal, or petition for certiorari, further review, reargument, stay, or rehearing is pending; provided, however, that no order or judgment shall fail to be a "Final Order" solely because of the possibility that a motion pursuant to sections 502(j) or 1144 of the Bankruptcy Code, Rules 59 or 60 of the Federal Rules of Civil Procedure, or Bankruptcy Rules 9023 and 9024 may be filed with respect to such order or judgment.

(cc) *"Impaired"* means, with respect to a Class, a Class that is impaired within the meaning of section 1124 of the Bankruptcy Code.

(dd) *"Insider"* means with respect to any Person, all Persons that would fall within the definition assigned to such term in section 101(31) of the Bankruptcy Code.

(ee) *"Interest"* means any "equity security" as defined in section 101(16) of the Bankruptcy Code, share of common stock, preferred stock or other instrument evidencing an ownership interest in the Debtor, whether or not transferable, and any option, warrant or other right, contractual or otherwise, to acquire any such interest in the Debtor that existed before the Effective Date, and any Claim or Cause of Action related to the purchase of interests subject to subordination pursuant to section 510(b) of the Bankruptcy Code.

(ff) *"Lien"* means any charge against or interest in property to secure payment of a debt or performance of an obligation, including a lien as defined in section 101(37) of the Bankruptcy Code.

(gg) *"Liquidating Debtor"* means the Debtor, as reorganized on the Effective Date, solely for the purposes of winding down its business affairs, liquidating its remaining assets, resolving all disputes necessary to carry out the purposes of the Plan, and making distributions as directed by the Plan Administrator. The Liquidating Debtor shall not engage in any new business operations.

(hh) *"Oversight Committee"* means the oversight committee, if any, formed on the Effective Date pursuant to Article V of the Plan to oversee the Plan Administrator's administration of the Plan.

(ii) *"Person"* means an individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, or a government or any political subdivision thereof or other entity.

(jj) "*Petition Date"* means March 16, 2026, the date on which the Debtor filed this Bankruptcy Case.

(kk) *"Plan"* means this chapter 11 plan proposed by the Debtor, including the exhibits and schedules hereto, as may be amended, supplemented, or modified from time to time in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the terms hereof.

(ll) *"Plan Administrator"* means, from and after the Effective Date, such Person as may be designated by the Committee with the reasonable consent of the Debtor.

(mm) *"Plan Administrator Reserve"* means the segregated account established and funded by the Debtor pursuant to Article V of the Plan, to be used to pay the costs and expenses incurred by the Plan Administrator in connection with the administration of the Liquidating Debtor's estate.

(nn) *"Plan Documents"* means, collectively, all documents to be executed, delivered or performed in connection with the consummation of the Plan, including without limitation the Plan and any supplement thereto, the Disclosure Statement, and the Confirmation Order.

(oo) *"Priority Non-Tax Claim"* means any Claim entitled to priority in payment under section 507(a) of the Bankruptcy Code, other than a Priority Tax Claim.

(pp) *"Priority Tax Claim"* means any Claim of a governmental unit (as defined in section 101(27) of the Bankruptcy Code) entitled to priority in payment under sections 502(i) and 507(a)(8) of the Bankruptcy Code.

(qq) *"Professional"* means any Person (a) employed in this Bankruptcy Case pursuant to sections 327 or 328 of the Bankruptcy Code, or (b) seeking or awarded compensation or reimbursement of expenses in connection with this Bankruptcy Case pursuant to section 503(b)(4) of the Bankruptcy Code.

(rr) *"Released Parties"* means each of the following in their capacity as such: (i) the Debtor; (ii) the Liquidating Debtor; (iii) the Committee and each of its members (only in their capacity as Committee members and not in their individual capacities); and (iv) with respect to each of the foregoing entities in clauses (i) through (iii), their respective attorneys, accountants, financial advisors, investment bankers, consultants and other professionals, solely to the extent that each is not an Insider or an Affiliate of the Debtor.

(ss) *"Releasing Parties"* means each of the following in their capacity as such: (i) the Released Parties (other than the Debtor and the Liquidating Debtor); (ii) all holders of Claims or Interests that are entitled to vote on the Plan; and (iii) all holders of Claims or Interests that are deemed to accept or deemed to reject the Plan on or before the Voting Deadline.

(tt) *"Solicitation Procedures Order"* means the *Order (I) Approving the Disclosure Statement; (II) Scheduling a Hearing on Plan Confirmation and Setting Deadlines Related Thereto; (III) Approving the Solicitation, Notice, and Tabulation Procedures and Forms; and (IV) Granting Related Relief* [Docket No. [●]].

(uu) *"Unimpaired"* means, with respect to any Claim or Interest, or a Class of Claims or Interests, "unimpaired" within the meaning of section 1124 of the Bankruptcy Code.

(vv) *"Unsecured Claim"* means any Claim against the Debtor, unless such Claim is (a) an Administrative Claim, (b) a Priority Tax Claim, or (c) a Priority Non-Tax Claim.

(ww) *"U.S. Trustee Fees"* means fees arising under 28 U.S.C. § 1930(a)(6) and, to the extent applicable, accrued interest thereon arising under 31 U.S.C. § 3717.

(xx) *"Voting Deadline"* means November 24, 2026, at 4:00 p.m. (prevailing Eastern time), or such later date and time as may be determined by the Debtor or as otherwise determined by Bankruptcy Court.

(yy) *"WARN Act Claim"* means any Person asserting a Claim for severance or back pay amounts allegedly due pursuant to the Federal Worker Adjustment and Retraining Notification ("WARN"), 29 U.S.C. §§ 2101–2109, or any "state WARN Act."

## 1.02 <u>Interpretation; Application of Definitions and Rules of Construction.</u>

For purposes of the Plan and unless otherwise specified herein: (i) in the appropriate context, each term, whether stated in the singular or the plural, shall include both the singular and the plural, and pronouns stated in the masculine, feminine or neuter gender shall include the masculine, feminine and the neuter gender; (ii) any reference herein to a contract, lease, instrument, release, indenture or other agreement or document being in a particular form or on particular terms and conditions means that the referenced document shall be substantially in that form or substantially on those terms and conditions; (iii) any reference herein to an existing document or exhibit having been filed or to be filed shall mean that document or exhibit, as it may thereafter be amended, modified or supplemented; (iv) unless otherwise specified, all references herein to "Articles" or "Sections" are references to Articles or Sections, as applicable, hereof or hereto; (v) unless otherwise stated, the words "herein," "hereof" and ''hereto'' refer to the Plan in its entirety rather than to a particular portion of the Plan; (vi) captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation hereof; (vii) the rules of construction set forth in section 102 of the Bankruptcy Code shall apply; (viii) any immaterial effectuating provisions may be interpreted by the Debtor in a manner that is consistent with the overall purpose and intent of the Plan all without further Bankruptcy Court order; (ix) any reference to a Person as a holder of a Claim includes that Person's permitted successors and assigns; (x) to the extent that any schedule, exhibit, or supplement to the Plan is inconsistent with the terms of the Plan, and unless otherwise provided herein or in the Confirmation Order, the terms of the schedule, exhibit, or supplement shall govern; (xi) to the extent that the Confirmation Order is inconsistent with the Plan or any schedule, exhibit, or supplement to the Plan, the provisions of the Confirmation Order shall govern; (xii) to the extent that the Disclosure Statement is inconsistent with the terms of the Plan, the terms of the Plan shall govern; (xiii) in computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply; (xiv) if the date on which a transaction may occur pursuant to the Plan shall occur on a day that is not a Business Day, then such transaction shall instead occur on the next succeeding Business Day; (xv) the references in the Plan to monetary figures shall refer to currency of the United States of America; and (xvi) all references to statutes, regulations, orders, rules of courts, and the like shall mean as amended from time to time, as applicable to this Bankruptcy Case, unless otherwise stated.

# ARTICLE II.
# UNCLASSIFIED CLAIMS

In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims, Priority Tax Claims, and U.S. Trustee Fees have not been classified for purposes of voting or receiving distributions. Rather, all such Claims are treated separately as unclassified Claims as set forth in this Article II, and the holders thereof are not entitled to vote on the Plan.

**2.01 Administrative Claims.**

(a) Filing Administrative Claims. The holder of an Administrative Claim, other than (i) an Administrative Claim for Professional fees and expenses covered by Section 2.02, (ii) an Administrative Claim of a governmental unit under section 503(b)(1)(D) of the Bankruptcy Code, (iii) timely filed and Allowed Claims arising under section 503(b)(9) of the Bankruptcy Code, or (iv) an Administrative Claim that has been Allowed as such on or before the Administrative Claim Bar Date, must file and serve on the Plan Administrator a request for payment of such Administrative Claim so that it is received no later than the Administrative Claim Bar Date pursuant to the procedures specified in the Solicitation Procedures Order. Holders required to file and serve, who fail to file and serve, a request for payment of Administrative Claims by the Administrative Claim Bar Date shall be forever barred, estopped, and enjoined from asserting such Administrative Claims against the Debtor and its property, and such Administrative Claims shall be deemed discharged as of the Effective Date. All such Claims shall, as of the Effective Date, be subject to the permanent injunction set forth in Section 10.06 hereof. Nothing in the Plan alters, extends, or modifies the bar date for filing Claims arising under section 503(b)(9) of the Bankruptcy Code, as established pursuant to the Bar Date Order.

(b) Allowance of Administrative Claims. An Administrative Claim, with respect to which a request for payment has been properly and timely filed pursuant to Section 2.01(a), shall become an Allowed Administrative Claim if no objection to such request is filed with the Bankruptcy Court by the Plan Administrator or any other party in interest on or before the Claims Objection Deadline, which may be extended by order of the Bankruptcy Court. If an objection is timely filed, the Administrative Claim shall become an Allowed Administrative Claim only to the extent allowed by Final Order or as such Claim is settled, compromised, or otherwise resolved pursuant to Article VII of the Plan.

(c) Treatment of Administrative Claims. Except to the extent that the holder of an Allowed Administrative Claim agrees to a less favorable treatment, and except as provided in Section 2.02, each holder of an Allowed Administrative Claim against the Debtor that has not already been paid in full or otherwise satisfied during the Bankruptcy Case shall receive, in full and final satisfaction, settlement, release, and discharge of such Claim, Cash equal to the unpaid amount of such Allowed Administrative Claim on the latest of: (i) the Effective Date, or (ii) 30 days after the date on which such Administrative Claim becomes Allowed. On or before the Effective Date, the Debtor shall reserve available Cash, after payment of ordinary course expenses which accrue prior to the Effective Date, subject to the reasonable consent of the Committee, up to an amount reasonably estimated to be sufficient to pay all unpaid Allowed and asserted Administrative Claims. To the extent that the available assets are insufficient to pay all Allowed Administrative Claims unpaid as of the Effective Date in full, such Claims shall be paid pro rata in accordance with their priority under the Bankruptcy Code, and the Plan Administrator may withhold payment on account of Administrative Claims that become Allowed after the Effective Date pending the outcome of the Liquidating Debtor's asset recovery efforts.

**2.02 Professional Fees.**

(a) Final Fee Applications. Each Professional asserting an Administrative Claim for compensation for services rendered and expenses incurred in connection with the Bankruptcy Case before the Effective Date shall: (i) file with the Bankruptcy Court, and serve on the Plan Administrator an application for allowance of such Administrative Claim on or before the 45th calendar day following the Effective Date, and (ii) after notice and a hearing in accordance with the procedures established by the Bankruptcy Code and Bankruptcy Rules and any prior orders of the Bankruptcy Court in this Bankruptcy Case, be paid in full, in Cash, in such amounts as are Allowed by a Final Order. On or before the Effective Date, the Debtor shall reserve available Cash, after payment of ordinary course expenses which accrue prior to the Effective Date, subject to the reasonable consent of the Committee, up to an amount equal to the estimated accrued and unpaid fees and expenses of all Professionals through the Effective Date, which reserve shall be maintained by the Debtor or, after the Effective Date, the Plan Administrator, and used solely to pay Allowed Professional fees and expenses until all such fees and expenses are paid in full.

(b) Termination of Professionals. On the Effective Date, the engagement of each Professional retained by the Debtor shall be terminated without further order of the Bankruptcy Court or act of the parties; provided, however, such Professionals shall be entitled to prosecute their respective claims for professional fees and the Plan Administrator shall be responsible for paying the fees, costs and expenses associated with the prosecution of such claims.

(c) Post-Effective Date Fees and Expenses. From and after the Effective Date, the Plan Administrator shall, upon receipt of appropriate documentation and in the ordinary course of business, pay the post-Effective Date charges incurred by the Liquidating Debtor, the Plan Administrator, or the Committee and its professionals for any Professional's fees, disbursements, expenses, or related support services without application to or approval from the Bankruptcy Court.

**2.03 Priority Tax Claims.**

Except to the extent that a holder of an Allowed Priority Tax Claim agrees to a less favorable treatment, each holder of an Allowed Priority Tax Claim shall receive, in full and final satisfaction, settlement, release, and discharge of such Claim, Cash equal to the unpaid amount of such Allowed Priority Tax Claim on the latest of (a) the Effective Date; (b) 30 days after the date on which such Priority Tax Claim becomes Allowed; or (c) the date on which such Priority Tax Claim becomes due and payable by its terms. On or before the Effective Date, the Debtor shall reserve available Cash, after payment of ordinary course expenses which accrue prior to the Effective Date, subject to the reasonable consent of the Committee, up to an amount reasonably estimated to be sufficient to pay all Allowed and asserted Priority Tax Claims. To the extent that the assets available to the Liquidating Debtor are insufficient to pay all Allowed Priority Tax Claims in full, the Plan Administrator may withhold payment on account of such Claims pending the outcome of the Liquidating Debtor's asset recovery efforts.

**2.04 U.S. Trustee Fees.**

On the Effective Date, the Debtor shall pay all U.S. Trustee Fees that are due and owing as of the Effective Date. Nothing in the Plan shall release the Liquidating Debtor and Plan Administrator from any obligation to pay all U.S. Trustee Fees arising from and after the Effective Date before a Final Order is entered by the Bankruptcy Court closing the Bankruptcy Case.

## ARTICLE III.
## CLASSIFICATION OF CLAIMS AND INTERESTS

**3.01 Classification in General.**

Pursuant to sections 1122 and 1123 of the Bankruptcy Code, a Claim or Interest is placed in a particular Class for all purposes, including voting, confirmation, and distribution; provided, however, that a Claim is placed in a particular Class for the purpose of receiving distributions only to the extent that such Claim is Allowed. Voting rights of Claims will be determined by a separate order of the Bankruptcy Court approving solicitation and voting procedures in relation to the Plan.

**3.02 Classification of Claims and Interests.**

The following table designates the Classes of Claims against and Interests in the Debtor and specifies which Classes are: (a) Impaired and Unimpaired; (b) entitled to vote to accept or reject the Plan; and (c) deemed to accept or reject the Plan:

| Class # | Description | Impairment | Entitled To Vote |
|---|---|---|---|
| 1 | Priority Non-Tax Claims | Impaired | Yes |
| 2 | WARN Act Claims | Impaired | Yes |
| 3 | Unsecured Claims | Impaired | Yes |
| 4 | Interests | Impaired | No |

**3.03 Elimination of Vacant Classes.**

Any Class that does not have at least one holder of an Allowed Claim or Allowed Interest or a Claim or Interest temporarily Allowed as of the date of the Confirmation Hearing for the Debtor shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan pursuant to section 1129(a)(8) of the Bankruptcy Code.

**3.04 Confirmation Pursuant to Section 1129(b) of the Bankruptcy Code.**

Because certain Classes are deemed to have rejected the Plan, the Debtor seeks confirmation of the Plan under section 1129(b) of the Bankruptcy Code with respect to such

Classes and any other Impaired Classes that vote to reject the Plan. Subject to Articles 12.03 and 12.04 of the Plan, the Debtor reserves the right to alter, amend, modify, revoke, or withdraw the Plan in order to satisfy the requirements of section 1129(b) of the Bankruptcy Code.

## ARTICLE IV.
## TREATMENT OF CLAIMS AND INTERESTS

**4.01 Class 1 – Priority Non-Tax Claims.**

(a) Classification. Class 1 consists of all Priority Non-Tax Claims.

(b) Treatment. Except to the extent that a holder of an Allowed Priority Non-Tax Claim agrees to a less favorable treatment, each holder of an Allowed Priority Non-Tax Claim shall receive, in full and final satisfaction, settlement, release, and discharge of such Claim, a pro rata share of distributions of Cash from available assets, after payment in full of all Allowed Administrative Claims and Priority Tax Claims.

(c) Impairment and Voting. Class 1 is Impaired. Holders of Claims in Class 1 are entitled to vote to accept or reject the Plan.

**4.02 Class 2 – WARN Act Claims.**

(a) Classification. Class 2 consists of WARN Act Claims.

(b) Treatment. To the extent that any WARN Act Claim is Allowed and entitled to a distribution, any portion of such Claim entitled to priority treatment under section 507(a)(4) of the Bankruptcy Code shall receive the same treatment afforded to Allowed Priority Non-Tax Claims under Class 1 above, and any remaining portion of such Claim not entitled to such priority shall receive the same treatment afforded to Allowed Unsecured Claims under Class 3 below. Nothing in the Plan or the Confirmation Order shall constitute an allowance, disallowance, estimation, or determination of the amount or priority of any WARN Act Claim, and all WARN Act Claims shall be Allowed or disallowed only by Final Order of the Bankruptcy Court or pursuant to a settlement approved by the Bankruptcy Court. All rights, claims, and defenses of the Debtor, the Committee, the Plan Administrator, and the holders of WARN Act Claims with respect to the WARN Act Claims are fully preserved.

(c) Impairment and Voting. Class 2 is Impaired. Holders of Claims in Class 2 are entitled to vote to accept or reject the Plan.

**4.03 Class 3 – Unsecured Claims.**

(a) Classification. Class 3 consists of Unsecured Claims.

(b) Treatment. Except to the extent that a holder of an Allowed Unsecured Claim agrees to a less favorable treatment, each holder of an Allowed Unsecured Claim

shall receive, in full and final satisfaction, settlement, release, and discharge of such Claim, a pro rata share (in proportion to each Holder's Allowed Claim to the aggregate amount of Allowed Claims in Class 3) of Cash from available assets, after payment in full of Administrative Claims, Priority Tax Claims and Class 1 Priority Non-Tax Claims.

(c) Impairment and Voting. Class 3 is Impaired. Holders of Claims in Class 3 are entitled to vote to accept or reject the Plan.

**4.04 Class 4 – Interests.**

(a) Classification. Class 4 consists of all Interests in the Debtor.

(b) Treatment. On the Effective Date, the Interests in the Debtor shall be cancelled, and the holders of Interests shall receive and retain no value under the Plan.

(c) Impairment and Voting. Class 4 is Impaired. Holders of Interests in Class 4 are conclusively presumed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code, and accordingly, are not entitled to vote to accept or reject the Plan.

## ARTICLE V.
## MEANS FOR IMPLEMENTATION OF THE PLAN

**5.01 Plan Administrator.**

Beginning on the Effective Date, the Plan Administrator, as designated by the Committee after consultation with the Debtor, and with the reasonable consent of the Debtor, shall assume the management of the Liquidating Debtor. Subject to the terms of this Plan, the Plan Administrator shall reconcile Claims, administer the Plan in an efficacious manner, and assist with other administrative duties and reporting obligations associated with the Plan following the Effective Date. The Plan Administrator will have the authority and standing, on behalf of the Liquidating Debtor, to pursue any claims or causes of action the Debtor has as debtor-in-possession, including claims arising under Chapter 5 of the Bankruptcy Code. The Oversight Committee may seek removal the Plan Administrator for cause upon application to the Bankruptcy Court and shall have the right to designate a successor Plan Administrator with the reasonable consent of the Debtor.

Beginning no later than thirty (30) days after the end of each calendar quarter following the Effective Date, and until the Oversight Committee is dissolved, the Plan Administrator shall provide to the Oversight Committee (or, following dissolution of the Oversight Committee, the U.S. Trustee) a written report setting forth (i) the amount of Cash on hand; (ii) the amount of Cash collected; (iii) distributions of Cash or other assets made during the prior quarter; (iv) the status of pending Disputed Claims, including, without limitation, objections to Claims; (v) the status of any pending Causes of Action, including, without limitation, pending adversary proceedings; and (vi) an estimate of the remaining time to complete the wind-down of the Liquidating Debtor. Nothing in this Section shall relieve the Plan Administrator of any obligation to file post-confirmation reports required by the Bankruptcy Rules or the guidelines of the U.S. Trustee.

The Plan Administrator shall be compensated pursuant to the terms of an engagement agreement to be approved by the Committee, which agreement shall be filed with the Bankruptcy Court on or before the Confirmation Date. The Plan Administrator's fees and expenses shall be paid from the assets of the Liquidating Debtor as an administrative expense of the wind-down without further order of the Bankruptcy Court, subject to the quarterly disclosure in the reports required under Section 5.01 hereof.

The Plan Administrator shall be indemnified and held harmless by the Liquidating Debtor for any claims, causes of action, or liabilities arising from the Plan Administrator's good faith performance of duties under the Plan, except for claims arising from the Plan Administrator's actual fraud, willful misconduct, or gross negligence as determined by a Final Order.

**5.02 Powers of the Plan Administrator.**

Without further notice to or order of the Bankruptcy Court, and subject to the terms of this Plan and the rights of the Oversight Committee, the Plan Administrator shall be authorized and empowered, on behalf of the Liquidating Debtor, to: (a) make distributions to holders of Allowed Claims as provided in the Plan; (b) establish, maintain, and adjust such reserves as the Plan Administrator determines are necessary or appropriate to administer the Plan, including reserves for Administrative Claims, Priority Tax Claims, and Professional fees; (c) object to, reconcile, compromise, settle, or otherwise resolve Claims in accordance with the Plan; (d) commence, prosecute, settle, abandon, or otherwise resolve Causes of Action in accordance with Section 7.02; (e) retain and compensate the Plan Administrator's attorneys, accountants, and other professionals without further order of the Bankruptcy Court; (f) prepare and file tax returns and pay taxes on behalf of the Liquidating Debtor; (g) exercise all rights, powers, and privileges previously held by the Debtor, including the authority to assert or waive any attorney-client privilege or work-product protection; (h) dissolve the Liquidating Debtor and take all actions necessary to wind down its affairs; and (i) take any other actions not inconsistent with the Plan that the Plan Administrator deems necessary or desirable to implement the Plan and complete the wind-down of the Liquidating Debtor.

**5.03 Plan Administrator Reserve.**

Upon the occurrence of the Effective Date, the Debtor shall fund no less than $[●] into the Plan Administrator Reserve. At such time as the Plan Administrator determines that the estate is fully administered, any funds then remaining in the Plan Administrator Reserve shall become assets of the Liquidating Debtor available for distribution in accordance with the terms of the Plan.

**5.04 The Oversight Committee.**

On the Effective Date, the Oversight Committee shall be formed to oversee the Plan Administrator's administration of the Plan in place of the continued existence of the Committee. The Oversight Committee shall be comprised of at least three (3) members designated by the Committee and reasonably acceptable to the Debtor, whose identities shall be disclosed on or before the Confirmation Date. The Oversight Committee shall have standing to be heard on any matter relating to the administration of the Plan, including objections to Claims, prosecution of Causes of Action, distributions to Classes of creditors, and the appointment, removal, and

replacement of the Plan Administrator. The Plan Administrator shall consult with, and where required by the Plan, seek the reasonable consent of, the Oversight Committee with respect to material decisions concerning the administration of the Plan and wind-down of the Liquidating Debtor.

Members of the Oversight Committee shall receive no compensation on account of their service but shall be entitled to reimbursement of their reasonable out-of-pocket expenses from the assets of the Liquidating Debtor. The Oversight Committee shall be automatically dissolved upon the earlier of (i) the entry of a final decree closing the Bankruptcy Case and (ii) an order of the Bankruptcy Court dissolving the Oversight Committee.

**5.05 Implementation.**

The Plan will be effectuated through (i) the use of the Debtor's cash on hand to pay, in Cash, all Allowed Claims to the extent that such Cash payment is required on the Effective Date pursuant to the terms of Articles III and IV of the Plan; (ii) the revesting of the remaining assets of the Debtor in the Liquidating Debtor for liquidation and collection by the Plan Administrator; (iii) the recovery of any additional assets and liquidation of any causes of action and distribution of Cash proceeds from such liquidation following the Effective Date; (iv) the assumption by the Debtor, and assignment to the Liquidating Debtor, of executory contracts and unexpired leases listed on the Schedule of Assumed Contracts, except for any executory contract or unexpired lease that: (a) previously has been assumed or rejected pursuant to a final order of the Bankruptcy Court, or (b) is subject to a separate motion to assume and assign or to reject under section 365 of the Bankruptcy Code filed before the Effective Date; and (v) the execution of such documentation as may be necessary or appropriate to memorialize the transactions contemplated herein. After the Confirmation Date, the Plan Administrator shall instruct Cigna to transfer all funds in the Cigna ASO Account into the Debtor's operating account or such other account as the Plan Administrator shall designate, and shall reserve such funds as set forth in Article 2 of the Plan.

**5.06 Corporate Governance.**

On the Effective Date, the Persons acting as authorized persons, directors and officers of the Debtor prior to the Effective Date shall have no further authority, duties, responsibilities, and obligations relating to or arising from (i) operating the Liquidating Debtor or (ii) this chapter 11 case, and shall be deemed to have resigned from all of their respective positions with the Debtor, and the Plan Administrator shall act as a responsible person to complete the wind-down of the Liquidating Debtor's affairs.

Notwithstanding any applicable non-bankruptcy law to the contrary, any corporate or related action to be taken by or required of the Debtor to effectuate the designation of the Plan Administrator by the Committee upon the reasonable consent of the Debtor, or to carry out any other provision of the Plan shall, as of the Effective Date, be deemed to have occurred and be effective as provided in the Plan, and such actions shall be authorized, approved, and, to the extent taken before the Effective Date, ratified in all respects without any requirement of further action by holders of Claims or Interests, authorized persons, directors, or officers of the Debtor, the Liquidating Debtor, or any other Person. On or before the Effective Date, the appropriate

authorized Persons, directors or officers of the Debtor shall be authorized and directed to issue, execute, and deliver the agreements, securities, instruments, or other documents contemplated by the Plan, or necessary or desirable to effectuate any transactions contemplated by the Plan, in the name of and on behalf of the Debtor.

**5.07 Compromise of Controversies.**

In consideration for the classification, distributions, releases, and other benefits provided under the Plan, the provisions of the Plan upon the Effective Date shall constitute a good faith compromise and settlement of all Claims, Interests, and controversies relating to all Claims, Interests and controversies resolved pursuant to the Plan; *provided, however*, that nothing in this Section 5.07 shall (i) compromise, settle, release, or otherwise affect any Causes of Action preserved under Section 7.02 of the Plan, or (ii) compromise, settle, or determine the allowance, amount, or priority of any Disputed Claim, including any WARN Act Claim, which shall be resolved only in accordance with Article VII of the Plan. The Plan shall be deemed a motion to approve the good faith compromise and settlement of all such Claims, Interests, and controversies pursuant to Bankruptcy Rule 9019, and the entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of such compromise and settlement under section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019.

**5.08 Effectuating Documents; Further Transactions.**

Entry of the Confirmation Order shall establish conclusive corporate and other authority (and evidence of such corporate and other authority) required for the Debtor, the Liquidating Debtor and the Plan Administrator to undertake any and all acts and actions required to implement, or contemplated by, the Plan, and such acts and actions shall be deemed to have occurred and shall be in effect pursuant to applicable non-bankruptcy law and the Bankruptcy Code, without the need for member vote and without any requirement of further action by the directors of the Debtor.

On and after the Effective Date, the Plan Administrator shall be authorized to (a) take any actions or effect transactions, including conversions, dissolutions, transfers, liquidations, or other corporate transactions, as may be determined by the Plan Administrator to be necessary or appropriate to implement the terms of the Plan without any further notice to or action, order or approval of the Bankruptcy Court, and (b) issue, execute, deliver, file, or record such contracts, securities, instruments, releases, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate, implement, and further evidence the terms and conditions of the Plan in the name of and on behalf of the Liquidating Debtor, without the need for any approvals, authorizations, or consents, except for those expressly required by the Plan.

Upon the completion of all distributions under the Plan, the resolution of all Disputed Claims, the prosecution or abandonment of all Causes of Action, and the filing of all required tax returns, the Plan Administrator shall (in its reasonable discretion after consultation with the Oversight Committee) file a motion seeking entry of a final decree closing the Bankruptcy Case and dissolving the Liquidating Debtor under applicable state law. Prior to dissolution, the Plan Administrator shall obtain all necessary and file all final federal, state, and local tax returns for the Liquidating Debtor.

**5.09 <u>Access to Debtor's Books and Records After the Effective Date.</u>**

On the Effective Date, the Debtor shall transfer, assign and convey to the Plan Administrator, and the Plan Administrator shall be authorized to take possession of, all of the Debtor's books and records. The Plan Administrator shall have the responsibility of storing and maintaining the books and records.

On the Effective Date, all of the Debtor's privileges and immunities, including any attorney-client privilege, work-product protection, or other privilege or immunity attaching to any documents or communications (whether written or oral), shall vest in and be transferred to the Plan Administrator on behalf of the Liquidating Debtor. The Plan Administrator shall hold and maintain such privileges and immunities and shall have the exclusive authority to assert or waive them in its sole discretion. For the avoidance of doubt, the transfer of privileges and immunities set forth herein (i) is limited to privileges and immunities held by the Debtor in its corporate capacity and shall not include any privilege or immunity held by any director, officer, or manager in his or her individual capacity, which shall remain with such individual; provided that any dispute as to whether a particular communication was made in an individual capacity or a corporate capacity shall be resolved by the Bankruptcy Court; and (ii) is intended to preserve, and shall not constitute a waiver of, any such privilege or immunity.

Notwithstanding any privilege or immunity transferred to the Plan Administrator pursuant to this Section 5.09, to the extent that representatives of the Debtor (including former officers, directors, employees, and professionals) withhold or refuse to produce any document, communication, or information on the basis of attorney-client privilege, work-product protection, or any other privilege or immunity, such representatives shall provide the Plan Administrator with a privilege log identifying each withheld item with reasonable particularity, including: (i) the date of the document or communication; (ii) the author(s) and recipient(s); (iii) the general subject matter; and (iv) the specific privilege or protection asserted. Such privilege log must be provided within fourteen (14) days of the Effective Date. In the event of any dispute regarding the assertion of privilege, the Plan Administrator may seek resolution from the Bankruptcy Court on an expedited basis.

## ARTICLE VI.
## DISTRIBUTIONS

**6.01 <u>Distributions.</u>**

(a) The Plan Administrator shall make all Plan distributions to the appropriate holders of Allowed Claims in accordance with the terms of the Plan, using available Cash on the Effective Date and further Cash proceeds collected from liquidation of assets after the Effective Date.

(b) The Debtor shall provide the Plan Administrator with all information in its possession regarding asserted Claims, the Allowed amount of such Claims entitled to receive a Plan distribution, and the identity and addresses of record holders of such Claims as set forth in the Debtor's books and records as of the Distribution Record Date.

**6.02 Allocation of Plan Distributions Between Principal and Interest.**

The aggregate consideration to be distributed to the holders of Allowed Claims under the Plan shall be treated as first satisfying an amount equal to the stated principal amount of the Allowed Claims of holders, as determined for federal income tax purposes, and any remaining consideration as satisfying accrued, but unpaid, interest, if any.

**6.03 No Postpetition Interest on Claims.**

Unless otherwise specifically provided for in the Confirmation Order or other order of the Bankruptcy Court, or required by applicable bankruptcy or non-bankruptcy law, postpetition interest shall not accrue or be paid on any Claims, and no holder of a Claim shall be entitled to interest accruing on such Claim on or after the Petition Date.

**6.04 Date of Distributions.**

Unless otherwise provided herein, (a) each holder of an Allowed Administrative Claim shall receive the distribution to which it is entitled under Article II on the Effective Date or, if such Claim becomes Allowed after the Effective Date, as soon as reasonably practicable thereafter; (b) each holder of an Allowed Claim for Professional Fees shall be paid upon entry of a Final Order approving such Professional's final fee application; and (c) all other distributions of available Cash shall be made by the Plan Administrator in accordance with the Plan. The Plan Administrator shall make an initial distribution of available Cash on the Effective Date or as soon thereafter as is reasonably practicable, and thereafter shall make distributions of available Cash within thirty (30) days after the end of each calendar quarter, beginning with the first calendar quarter which ends at least ninety (90) days after the Effective Date.

In the event that any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on or as soon as reasonably practicable after the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

**6.05 Distribution Record Date.**

As of the close of business on the Distribution Record Date, the various lists of holders of Claims and Interests in each of the Classes, as maintained by the Debtor shall be deemed closed and there shall be no further changes in the record holders of any of the Claims and Interests. Neither the Debtor nor the Plan Administrator shall have any obligation to recognize any transfer of Claims or Interests occurring after the close of business on the Distribution Record Date. Additionally, with respect to payment of any cure costs or any cure disputes in connection with the assumption and/or assignment of the Debtor's executory contracts and leases, none of the Debtor, the Liquidating Debtor or the Plan Administrator shall have any obligation to recognize any party other than the non-Debtor party to the underlying executory contract or lease, even if such non-Debtor party has sold, assigned or otherwise transferred its Claim for a cure cost.

**6.06 Delivery of Distributions.**

Except as otherwise provided in the Plan, distributions to holders of Allowed Claims shall be made to holders of record as of the Distribution Record Date by the Plan Administrator: (a) to the signatory set forth on the proof of claim filed by such holder or other representative identified therein (or at the last known addresses of such holder if no proof of claim is filed or if the Debtor has been notified in writing of a change of address); (b) at the addresses set forth in any written notices of address changes delivered to the Debtor (if before the Effective Date) or the Plan Administrator (if after the Effective Date) after the date of any related proof of claim; (c) at the addresses reflected in the Debtor's schedules if no proof of claim has been filed and the Plan Administrator has not received a written notice of a change of address; or (d) on any counsel that has appeared in this chapter 11 case on the holder's behalf. In the event that any distribution to any holder is returned as undeliverable, no distribution or payment to such holder shall be made unless and until the Plan Administrator has been notified of the then current address of such holder, at which time or as soon as reasonably practicable thereafter such distribution shall be made to such holder without interest; provided, however, such distributions or payments shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code at the expiration of 90 days after such distribution, and no further payments shall be made to the holder of an Allowed Claim on account of such undeliverable distribution.

**6.07 Manner of Payment Under Plan.**

Except as specifically provided herein, at the option of the Plan Administrator, any Cash payment to be made hereunder may be made by a check or wire transfer or as otherwise required or provided in applicable agreements or customary practices of the Debtor.

**6.08 Unclaimed Property.**

Holders of Allowed Claims shall have 90 days from the date of any distribution to negotiate checks issued to such holders. To the extent such checks are not negotiated within such time period, the payment on such applicable checks shall be stopped and no further payments shall be made to the holder of an Allowed Claim on account of such unclaimed property. Any amounts attributable to unclaimed distributions shall be returned to the Liquidating Debtor's distributable Cash and redistributed to holders of Allowed Claims in subsequent distributions in accordance with the Plan. The Plan Administrator shall have no obligation to attempt to locate any holder of an Allowed Claim other than by reviewing the Debtor's books and records, proofs of Claim filed against the Debtor or transfers of Claim filed pursuant to Bankruptcy Rule 3001.

**6.09 De Minimis Distributions.**

Notwithstanding any other provision of the Plan to the contrary, (i) no payment of fractions of cents will be made; and (ii) the Plan Administrator shall have no obligation to make a distribution that is less than $50.00 in Cash to any Claim holder. Whenever any payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding down of such fraction to the nearest whole cent.

**6.10 Setoff and Recoupment.**

The Plan Administrator, may, pursuant to section 553 of the Bankruptcy Code or applicable non-bankruptcy law, set off and/or recoup against any Allowed Claim, and the distributions to be made pursuant to the Plan on account of such Allowed Claim, any and all claims, rights and Causes of Action that the Debtor or its successors may hold against the holder of such Allowed Claim after the Effective Date; provided, however, that neither the failure to effect a setoff or recoupment nor the allowance of any Claim hereunder will constitute a waiver or release of any Causes of Action of the Debtor against such holder.

**6.11 Withholding and Reporting Requirements.**

In connection with the Plan and all distributions hereunder, the Plan Administrator shall comply with all withholding and reporting requirements imposed by any federal, state, local or foreign taxing authority, and all distributions hereunder shall be subject to any such withholding and reporting requirements. The Plan Administrator shall be authorized to take any and all actions that may be necessary or appropriate to comply with such withholding and reporting requirements, including requiring a holder of a Claim or Interest to submit appropriate tax and withholding certifications. Notwithstanding any other provision of the Plan: (i) each holder of an Allowed Claim that is to receive a distribution under the Plan shall have sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by any governmental unit, including income, withholding and other tax obligations on account of such distribution; and (ii) no Plan distributions shall be required to be made to or on behalf of such holder pursuant to the Plan if, after 90 days from the date of transmission of a written request to the holder of an Allowed Claim, the Plan Administrator does not receive a valid, completed IRS form from such holder of an Allowed Claim.

**6.12 Claims Paid or Payable by Third Parties.**

(a) Claims Paid by Third Parties. The Plan Administrator, as applicable, shall be entitled to reduce in full a Claim, and such Claim shall be disallowed without an objection being filed, upon 30 days' notice to the creditor, to the extent that the holder of the Claim receives payment (before or after the Effective Date) on account of that Claim from a party that is not the Debtor. To the extent a holder of a Claim receives a distribution on account of such Claim and receives payment from a party that is not the Debtor on account of such Claim, such holder shall, within 10 days of receipt thereof, repay or return the distribution to the Plan Administrator, to the extent the holder's total recovery on account of such Claim from the third party and under the Plan exceeds the Allowed amount of such Claim as of the date of any such distribution under the Plan. In the event such holder fails to timely repay or return such distribution, the Plan Administrator may pursue any rights and remedies against such holder under applicable law.

(b) Insurance Recovery. No distributions under the Plan shall be made on account of an Allowed Claim that is payable pursuant to one of the Debtor's insurance policies until the holder of such Allowed Claim has exhausted all remedies with respect to such insurance policy.

(c) Applicability of Insurance Policies. Except as otherwise provided in the Plan, distributions to holders of Allowed Claims shall be in accordance with the provisions of any applicable insurance policy. Pursuant to section 524(e) of the Bankruptcy Code, nothing contained in the Plan shall constitute or be deemed a waiver of any Cause of Action that the Debtor or any Person may hold against any other Person under any insurance policies, including against insurers, nor shall anything contained in the Plan constitute or be deemed a waiver by such insurers of any defenses, including coverage defenses, held by such insurers.

## ARTICLE VII.
## PROCEDURES FOR RESOLVING CLAIMS

### 7.01 Objections to Claims and Settlements; Treatment of Disputed Claims.

(a) Only the Plan Administrator shall be entitled to object to Claims after the Effective Date. In the event that the Debtor or the Committee filed an objection to, or motion to subordinate, a Claim before the Effective Date, that objection or motion shall automatically be assigned to the Plan Administrator on the Effective Date. Any objections to Claims must be served and filed on or before the Claims Objection Deadline. The Claims Objection Deadline may be extended by the Bankruptcy Court at any time upon motion filed and served pursuant to Bankruptcy Rule 2002 (as modified by the Confirmation Order) before the expiration of the then-current Claims Objection Deadline. Upon the filing of a motion to extend the Claims Objection Deadline, the Claims Objection Deadline will be automatically extended (without further order of the Bankruptcy Court) through and including the date on which the Court enters an order ruling upon such motion. Notwithstanding anything to the contrary herein, any Claims filed after the applicable bar date shall be deemed disallowed and expunged in their entirety automatically without further order of the Bankruptcy Court or any action being required on the part of the Debtor or Plan Administrator, unless the Person or Entity filing such untimely Claim has received Bankruptcy Court authority to do so before filing the Claim.

(b) From and after the Effective Date, the Plan Administrator may settle or compromise any Disputed Claim without need for notice or approval of the Bankruptcy Court, the Oversight Committee, or any other party; *provided*, however, that nothing herein shall preclude or limit the right of the Plan Administrator to seek Bankruptcy Court approval of any such settlement or compromise if (i) requested by the applicable counterparty to such settlement or compromise, or (ii) directed by the Oversight Committee.

(c) Disputed Claims shall not be entitled to any Plan distributions unless and until such Claims become Allowed Claims.

(d) Pending the resolution of any Disputed Claim, and the Allowance or disallowance of such Claim, the Plan Administrator shall reserve 100% of the amount of such Disputed Claim (or such lesser amount as may be estimated by the Bankruptcy Court

pursuant to section 502(c) of the Bankruptcy Code) from any further distributions to holders of Allowed Claims in Classes 1, 2, and 3.

**7.02 <u>Preservation of Causes of Action.</u>**

Except as otherwise provided in the Plan or in any Plan Document, in accordance with sections 363(b) and 1123(b) of the Bankruptcy Code, the Liquidating Debtor, by and through the Plan Administrator, shall retain and may enforce, sue on, settle, compromise, otherwise resolve, discontinue, abandon, or dismiss all Causes of Action that the Debtor or its estate may hold against any Person (other than Causes of Action released pursuant to Section 10.04 below) without the approval of the Bankruptcy Court; provided, however, that any settlement or compromise of a Cause of Action providing for a recovery to, or payment by, the Liquidating Debtor in an amount in excess of $[●] shall be made in consultation with the Oversight Committee. The Plan Administrator, in consultation with the Oversight Committee, may abandon or decline to pursue any Cause of Action in its discretion. Upon the Effective Date all of the Causes of Action shall vest in the Liquidating Debtor, and the Liquidating Debtor, by and through the Plan Administrator, may pursue such Causes of Action in its sole and absolute discretion.

***No Person may rely on the absence of a specific reference in the Plan or the Disclosure Statement to any Cause of Action against it as any indication that the Debtor or the Liquidating Debtor, by and through the Plan Administrator, will not, or may not, pursue any and all available Causes of Action against it. The Debtor and the Liquidating Debtor, by and through the Plan Administrator, expressly reserve all rights to prosecute any and all Causes of Action against any Person.*** Unless any Cause of Action against a Person is expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or a Bankruptcy Court order, all Causes of Action are reserved for later adjudication by the Liquidating Debtor, by and through the Plan Administrator, and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches shall apply to such Cause of Action upon, after, or as consequence of, confirmation or consummation of the Plan.

## ARTICLE VIII.
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**8.01 <u>General Treatment.</u>**

(a) Except as otherwise provided herein, all executory contracts and unexpired leases of the Debtor shall be deemed to be rejected as of the Effective Date pursuant to sections 365 and 1123 of the Bankruptcy Code, except for any executory contract or unexpired lease that: (i) previously has been assumed or rejected pursuant to a final order of the Bankruptcy Court; (ii) is designated specifically or by category as a contract or lease to be assumed on the Schedule of Assumed Contracts and Leases; or (iii) is subject to a separate motion to assume and assign or to reject under section 365 of the Bankruptcy Code filed before the Effective Date; provided, however, that the Debtor shall have the right to amend the Schedule of Assumed Contracts to add or remove any executory contract or unexpired lease at any time prior to the Confirmation Date.

(b) Subject to the occurrence of the Effective Date and Section 9.02, entry of the Confirmation Order by the Bankruptcy Court shall constitute an order approving the rejection of executory contracts and unexpired leases as set forth in Section 8.01(a) and assumption of executory contracts and unexpired leases on the Schedule of Assumed Contracts and Leases pursuant to sections 365(a) and 1123 of the Bankruptcy Code. Each executory contract and unexpired lease assumed by the Debtor and assigned to the Liquidating Debtor pursuant to this Section 8.01 shall be assigned to and be fully enforceable by the Liquidating Debtor in accordance with its terms.

**8.02 Claims Based on Rejection of Executory Contracts or Unexpired Leases.**

In the event that the rejection of an executory contract or unexpired lease under the Plan results in damages to the other party or parties to such contract or lease, such parties must file with the Bankruptcy Court and serve on the Plan Administrator not later than 30 days after the effective date of such rejection (which may be the Effective Date, or such date as may be established by order of the Bankruptcy Court), a proof of claim for damages alleged to arise from the rejection of the applicable contract or lease or be forever barred from filing a Claim, or sharing in distributions under the Plan, related to such alleged rejection damages.

**8.03 Cure of Defaults for Assumed Executory Contracts and Unexpired Leases.**

(a) The cure of all defaults under executory contracts and unexpired leases to be assumed and assigned under the Plan and Confirmation Order including the resolution of all objections to the adequacy of assurance of future performance under such executory contracts and unexpired leases and as to the adequacy of amounts proposed to cure defaults under such executory contracts and unexpired leases, shall be governed by the terms and conditions of the Solicitation Procedures Order. All cure amounts will be satisfied by the Liquidating Debtor if not satisfied by the Debtor before the Effective Date.

(b) Assumption of any executory contract or unexpired lease pursuant to the Plan or otherwise shall result in the full release and satisfaction of any Claims or defaults associated with such contract, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or bankruptcy related defaults, arising under any assumed executory contract or unexpired lease at any time before the effective date of the assumption. Any proof of Claim filed with respect to an executory contract or unexpired lease that has been assumed shall be deemed disallowed and expunged, without further notice to, action, order, or approval of the Bankruptcy Court.

**8.04 Reservation of Rights.**

Neither the exclusion nor inclusion of any contract or lease on the Schedule of Assumed Contracts and Leases, nor anything contained in the Plan, shall constitute an admission by the Debtor that any agreement, contract, or lease is an executory contract or unexpired lease subject to this Article VIII of the Plan, or that the Debtor or Liquidating Debtor have any liability thereunder.

**8.05 Postpetition Contracts and Leases.**

All contracts, agreements and leases that were entered into or assumed by the Debtor after the Petition Date shall be deemed assigned by the Debtor to the Liquidating Debtor on the Effective Date.

## ARTICLE IX.
## CONDITIONS PRECEDENT TO CONSUMMATION OF THE PLAN

**9.01 Condition Precedent to Confirmation.**

It shall be a condition to Confirmation of the Plan that the Confirmation Order shall have been entered by the Bankruptcy Court in form and substance acceptable to the Debtor and the Committee.

**9.02 Conditions Precedent to the Effective Date.**

It shall be a condition to the occurrence of the Effective Date that the following provisions, terms and conditions shall have been satisfied or waived pursuant to the provisions of Section 9.03:

(a) the Confirmation Order shall have become a Final Order;

(b) the Plan Documents shall have been executed and delivered, and any conditions (other than the occurrence of the Effective Date or certification by the Debtor that the Effective Date has occurred) contained therein having been satisfied or waived in accordance therewith; and

(c) all material governmental, regulatory and third party approvals, authorizations, certifications, rulings, no-action letters, opinions, waivers and/or consents in connection with the Plan, if any, shall have been obtained (unless failure to do so will not have a material adverse effect on the Debtor) and remain in full force and effect, and there shall exist no claim, action, suit, investigation, litigation or proceeding, pending or threatened in any court or before any arbitrator or governmental instrumentality, which would prohibit the consummation of the Plan.

**9.03 Waiver of Conditions Precedent; Bankruptcy Rule 3020(e) Automatic Stay.**

The Debtor or the Committee shall have the right to waive any condition precedent set forth in Section 9.02 of the Plan at any time, with the reasonable consent of the other, without leave of or notice to the Bankruptcy Court and without formal action other than proceeding with confirmation of the Plan. Further, the stay of the Confirmation Order, pursuant to Bankruptcy Rule 3020(e), shall be deemed waived by the Confirmation Order.

**9.04 Effect of Failure of Conditions.**

If the substantial consummation of the Plan does not occur, the Plan and Confirmation Order shall be null and void in all respects, no distributions under the Plan shall be made, and nothing contained in the Plan or the Disclosure Statement shall: (a) constitute a waiver or release of any claims by or Claims against or Interests in the Debtor; (b) prejudice in any manner the rights of the Debtor, any holders of Claims or Interests or any other Person; or (c) constitute an admission, acknowledgment, offer or undertaking by the Debtor, any holders or any other Person in any respect.

## ARTICLE X.
## EFFECT OF CONFIRMATION

**10.01 Binding Effect.**

Subject to the occurrence of the Effective Date and notwithstanding Bankruptcy Rules 3020(e), 6004(h), or 7062, on and after the Confirmation Date, the provisions of the Plan shall be immediately effective and enforceable and deemed binding upon any holder of a Claim against, or Interest in, the Debtor, and such holder's respective successors and assigns (whether or not the Claim or Interest of such holder is Impaired under the Plan, whether or not such holder has accepted the Plan, and whether or not such holder is entitled to a distribution under the Plan), all Persons that are party, or subject, to the settlements, compromises, releases, discharges, and injunctions described in the Plan, each Person acquiring property under the Plan, and any and all non-Debtor counterparties to executory contracts, unexpired leases, and any other prepetition agreements. All Claims and Interests shall be as fixed, adjusted, or compromised, as applicable, pursuant to the Plan regardless of whether any holder of a Claim or Interest has voted on the Plan; *provided, however*, that the allowance, amount, and priority of any Disputed Claim, including any WARN Act Claim, that has not been determined by an order of the Bankruptcy Court prior to the Effective Date, shall be determined only in accordance with Article VII of the Plan.

**10.02 Vesting of Assets.**

On the Effective Date, pursuant to sections 363 and 1141(b) and (c) of the Bankruptcy Code, and except as otherwise provided in the Plan or in the Confirmation Order, the assets of the Debtor's estate shall vest in Baker & Taylor, LLC as the Liquidating Debtor free and clear of all Claims, Liens, encumbrances, charges and other Interests.

**10.03 Term of Pre-Confirmation Injunctions or Stays.**

Unless otherwise provided herein, all injunctions or stays arising prior to the Confirmation Date in accordance with sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

**10.04 Releases.**

(a) RELEASE OF THE DEBTOR. AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASING PARTY SHALL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED, WAIVED, AND DISCHARGED THE DEBTOR FROM ANY AND ALL CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER (IN EACH CASE, WHETHER PREPETITION OR POSTPETITION UP UNTIL THE EFFECTIVE DATE), INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR THAT MAY BE ASSERTED ON BEHALF OF THE DEBTOR OR ITS ESTATE, THAT SUCH RELEASING PARTY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTOR OR THE CONDUCT OF ITS BUSINESS (IN EACH CASE, WHETHER PREPETITION OR POSTPETITION UP UNTIL THE EFFECTIVE DATE), THE FORMULATION, PREPARATION, DISSEMINATION, OR NEGOTIATION OF THE PLAN, THE DISCLOSURE STATEMENT, ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, THE DISCLOSURE STATEMENT, THIS CHAPTER 11 CASE, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE (IN EACH CASE, WHETHER PREPETITION OR POSTPETITION) RELATED OR RELATING TO THE FOREGOING. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH IN THIS ARTICLE 10.4(A) SHALL NOT RELEASE (I) ANY PARTY FROM CLAIMS OR CAUSES OF ACTION ARISING FROM AN ACT OR OMISSION THAT IS JUDICIALLY DETERMINED BY FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE; OR (II) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR PERSON UNDER THE PLAN OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THE PLAN. FOR THE AVOIDANCE OF DOUBT, NOTHING IN THIS SECTION 10.04(A) RELEASES ANY CAUSE OF ACTION HELD BY ANY NON-DEBTOR AGAINST ANY OTHER NON-DEBTOR.

(b) RELEASE BY THE DEBTOR. PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, AS OF THE EFFECTIVE DATE,

THE DEBTOR AND ITS ESTATE SHALL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED, WAIVED, AND DISCHARGED THE RELEASED PARTIES FROM ANY AND ALL CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, IN EACH CASE, WHETHER PREPETITION OR POSTPETITION (INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR THAT MAY BE ASSERTED ON BEHALF OF THE DEBTOR AND ITS ESTATE, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTOR OR THE CONDUCT OF ITS BUSINESS (IN EACH CASE, WHETHER PREPETITION OR POSTPETITION), THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION OF THE PLAN, THE DISCLOSURE STATEMENT, ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, THE DISCLOSURE STATEMENT, THIS CHAPTER 11 CASE, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE (IN EACH CASE, WHETHER PREPETITION OR POSTPETITION) RELATED OR RELATING TO THE FOREGOING. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH IN THIS ARTICLE 10.4(B) SHALL NOT RELEASE (I) ANY RELEASED PARTY FROM CLAIMS OR CAUSES OF ACTION ARISING FROM AN ACT OR OMISSION THAT IS JUDICIALLY DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE; (II) ANY CLAIMS OR CAUSES OF ACTION INCLUDING, WITHOUT LIMITATION, THOSE ARISING UNDER CHAPTER 5 OF THE BANKRUPTCY CODE, AGAINST ANY PERSON THAT IS OR AT ANY RELEVANT TIME WAS AN INSIDER (AS DEFINED IN SECTION 101(31) OF THE BANKRUPTCY CODE); OR (III) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR PERSON UNDER THE PLAN OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THE PLAN. ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL OF THE RELEASES DESCRIBED IN THIS ARTICLE 10.04 BY THE DEBTOR, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THIS PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN THIS ARTICLE 10.04 IS: (I) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES, INCLUDING, WITHOUT LIMITATION, THE RELEASED PARTIES' CONTRIBUTIONS TO IMPLEMENTING THE PLAN; (II) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE DEBTOR; (III) IN THE BEST INTERESTS OF THE DEBTOR AND ALL HOLDERS

OF CLAIMS AND INTERESTS; (IV) FAIR, EQUITABLE, AND REASONABLE; (V) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (VI) A SOUND EXERCISE OF THE DEBTOR'S BUSINESS JUDGMENT; AND (VII) A BAR TO THE DEBTOR OR ITS ESTATE, ASSERTING ANY CLAIM OR CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY. FOR THE AVOIDANCE OF DOUBT, NOTHING IN THIS SECTION 10.04(B) RELEASES ANY CAUSE OF ACTION HELD BY ANY NON-DEBTOR AGAINST ANY OTHER NON-DEBTOR.

**10.05 Exculpation and Limitation of Liability.**

EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN, NO EXCULPATED PARTY SHALL HAVE OR INCUR LIABILITY FOR, AND EACH EXCULPATED PARTY IS HEREBY EXCULPATED FROM, ANY CAUSE OF ACTION FOR ANY CLAIM RELATED TO ANY ACT OR OMISSION FROM THE PETITION DATE TO THE EFFECTIVE DATE (EXCEPT WITH RESPECT TO THE PLAN ADMINISTRATOR, THE OVERSIGHT COMMITTEE, AND THEIR RESPECTIVE PROFESSIONALS, THE DATE OF ENTRY OF A FINAL DECREE CLOSING THE BANKRUPTCY CASE) IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF, THIS CHAPTER 11 CASE, IN WHOLE OR IN PART, THE DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OF THE PLAN, THE DISCLOSURE STATEMENT, ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, THE DISCLOSURE STATEMENT, THE FILING OF THIS CHAPTER 11 CASE, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN OR THE DISTRIBUTION OF CASH UNDER THE PLAN, OR ANY OTHER RELATED AGREEMENT, EXCEPT FOR CLAIMS OR CAUSES OF ACTION ARISING FROM AN ACT OR OMISSION THAT IS JUDICIALLY DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE, BUT IN ALL RESPECTS, SUCH EXCULPATED PARTIES SHALL BE ENTITLED TO THE FULLEST EXTENT PERMITTED BY LAW TO REASONABLY RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES. THE EXCULPATED PARTIES HAVE, AND UPON SUBSTANTIAL CONSUMMATION OF THE PLAN, SHALL BE DEEMED TO HAVE, PARTICIPATED IN GOOD FAITH AND IN COMPLIANCE WITH THE APPLICABLE LAWS WITH REGARD TO THE SOLICITATION OF, AND DISTRIBUTION OF, CONSIDERATION PURSUANT TO THE PLAN AND, THEREFORE, ARE NOT, AND ON ACCOUNT OF SUCH DISTRIBUTIONS SHALL NOT BE, LIABLE AT ANY TIME FOR THE VIOLATION OF ANY APPLICABLE LAW, RULE, OR REGULATION GOVERNING THE SOLICITATION OF ACCEPTANCES OR REJECTIONS OF THE PLAN OR SUCH DISTRIBUTIONS MADE PURSUANT TO THE PLAN. NOTWITHSTANDING ANY OTHER PROVISION OF THE PLAN, EXCEPT FOR CLAIMS OR CAUSES OF ACTION ARISING FROM AN ACT OR OMISSION THAT IS JUDICIALLY DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE, ANY LIABILITY OF THE PLAN ADMINISTRATOR SHALL BE LIMITED TO, AND RECOVERABLE SOLELY FROM, PROPERTY OF THE ESTATE HELD BY THE

LIQUIDATING DEBTOR, AND NO HOLDER OF A CLAIM OR INTEREST OR OTHER PARTY SHALL HAVE RECOURSE TO THE PLAN ADMINISTRATOR'S PERSONAL ASSETS ON ACCOUNT OF ANY CLAIM OR CAUSE OF ACTION ARISING FROM THE PLAN ADMINISTRATOR'S PERFORMANCE UNDER THE PLAN.

**10.06 Injunction.**

FROM AND AFTER THE EFFECTIVE DATE, ALL PERSONS ARE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER, ANY CAUSE OF ACTION RELEASED OR TO BE RELEASED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER. FROM AND AFTER THE EFFECTIVE DATE, TO THE EXTENT OF THE RELEASES AND EXCULPATION GRANTED IN ARTICLE X HEREOF, THE RELEASING PARTIES SHALL BE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER AGAINST THE RELEASED PARTIES AND THE EXCULPATED PARTIES AND THEIR ASSETS AND PROPERTIES, AS THE CASE MAY BE, ANY SUIT, ACTION OR OTHER PROCEEDING, ON ACCOUNT OF OR RESPECTING ANY CLAIM, DEMAND, LIABILITY, OBLIGATION, DEBT, RIGHT, CAUSE OF ACTION, INTEREST OR REMEDY RELEASED OR TO BE RELEASED PURSUANT TO ARTICLE X HEREOF.

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR FOR DISTRIBUTIONS REQUIRED TO BE PAID OR DELIVERED PURSUANT TO THE PLAN, ALL PERSONS WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE BEEN RELEASED PURSUANT TO SECTION 10.04 OR ARE SUBJECT TO EXCULPATION PURSUANT TO SECTION 10.05, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS: (1) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (2) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST SUCH PERSONS ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (3) CREATING, PERFECTING OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST SUCH PERSONS OR THE PROPERTY OR ESTATE OF SUCH PERSONS ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (4) ASSERTING ANY RIGHT OF SETOFF OR SUBROGATION OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH PERSONS OR AGAINST THE PROPERTY OF SUCH PERSONS; AND (5) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED, SETTLED OR DISCHARGED PURSUANT TO THE PLAN.

NOTWITHSTANDING ANY OTHER PROVISION OF THE PLAN, PURSUANT TO SECTION 1141(D)(3) OF THE BANKRUPTCY CODE, CONFIRMATION OF THE PLAN SHALL NOT DISCHARGE THE DEBTOR. THE DEBTOR SHALL NOT RECEIVE A DISCHARGE UNDER SECTION 1141(D)(1) OF THE BANKRUPTCY CODE BECAUSE THE

PLAN PROVIDES FOR THE LIQUIDATION OF ALL OR SUBSTANTIALLY ALL OF THE PROPERTY OF THE ESTATE AND THE DEBTOR DOES NOT ENGAGE IN BUSINESS AFTER CONSUMMATION OF THE PLAN.

**10.07 <u>Reservation of Rights.</u>**

The Plan shall have no force or effect unless and until the Effective Date occurs. Prior to the Effective Date, none of the filing of the Plan, any statement or provision contained in the Plan, or action taken by the Debtor with respect to the Plan or the Disclosure Statement, shall be, or shall be deemed to be, an admission or waiver of any rights of the Debtor or any other party, including the Released Parties, with respect to any Claims or Interests or any other matter.

## ARTICLE XI.
## RETENTION OF JURISDICTION

Pursuant to sections 105(c) and 1142 of the Bankruptcy Code and notwithstanding entry of the Confirmation Order and the occurrence of the Effective Date, on and after the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction (unless otherwise explicitly noted below), pursuant to 28 U.S.C. §§ 1334 and 157, over all matters arising in, arising under, or related to this chapter 11 case, the Plan, or the Confirmation Order, including jurisdiction to:

(a) Allow, disallow, determine, liquidate, classify, estimate, or establish the priority or secured or unsecured status of any Claim or Interest, including the resolution of any request for payment of any Administrative Claim and the resolution of any and all objections to the allowance or priority of Claims or Interests;

(b) Resolve any matters related to the assumption and assignment, or rejection, of any executory contract or unexpired lease to which the Debtor is party to or with respect to which the Debtor may be liable, and hear, determine, and, if necessary, liquidate, any Claims arising therefrom;

(c) Determine any and all motions, adversary proceedings, applications, contested matters, or other litigated matters pending on the Effective Date;

(d) Enter, implement, or enforce such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all contracts, instruments, releases, and other agreements or documents created in connection with the Plan or the Confirmation Order;

(e) Issue injunctions, enter and implement other orders, and take such other actions as may be necessary or appropriate to restrain interference by any Person with the consummation, implementation, or enforcement of the Plan, the Confirmation Order, or any other order of the Bankruptcy Court;

(f) Modify the Plan or Confirmation Order before or after the Effective Date under section 1127 of the Bankruptcy Code or remedy any defect or omission or reconcile

any inconsistency in any Bankruptcy Court order, the Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, or other agreement or document created in connection with the Plan or the Confirmation Order;

(g) Hear and determine any rights, Claims, or Causes of Action held or reserved by, or accruing to, the Debtor pursuant to the Bankruptcy Code, the Confirmation Order, or any other applicable law;

(h) Enforce all orders, judgments, injunctions, releases, exculpations, indemnifications, and rulings entered in connection with this chapter 11 case, and to hear and determine any disputes in connection therewith;

(i) Hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of the Plan or the Confirmation Order, any transactions contemplated thereby, or any agreement, instrument, or other document governing or relating to any of the foregoing, or the effect of the Plan under any agreement to which the Debtor or any affiliate thereof is party;

(j) Hear and determine matters concerning state, local, and federal taxes in accordance with sections 346, 505, and 1146 of the Bankruptcy Code;

(k) Enter and enforce any order for the sale or transfer of property pursuant to sections 363, 1123, or 1146(a) of the Bankruptcy Code, including the Confirmation Order;

(l) Hear and determine all disputes involving the existence, scope, and nature of the discharges, releases, or injunctions granted under the Plan and the Bankruptcy Code;

(m) Hear and determine any matters arising under or related to sections 1141 and 1145 of the Bankruptcy Code;

(n) Recover all assets of the Debtor and property of the Debtor's estate, wherever located;

(o) Enter a final decree closing this chapter 11 case; and

(p) Hear and determine any other matter not inconsistent with the Bankruptcy Code and title 28 of the United States Code.

## ARTICLE XII.
## MISCELLANEOUS PROVISIONS

### 12.01 <u>Exemption from Certain Transfer Taxes.</u>

To the fullest extent permitted by applicable law, any sale transactions consummated by the Debtor or Liquidating Debtor on and after the Confirmation Date, and any assumption, assignment, and/or sale by the Debtor of its interests in executory contracts pursuant to section

365(a) of the Bankruptcy Code, shall constitute a "transfer under a plan" within the purview of section 1146 of the Bankruptcy Code, and shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

**12.02 Substantial Consummation.**

On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127(b) of the Bankruptcy Code.

**12.03 Amendments.**

(a) Plan Modifications. The Plan may be amended, modified, or supplemented by the Debtor in the manner provided for by section 1127 of the Bankruptcy Code or as otherwise permitted by law, without additional disclosure pursuant to section 1125 of the Bankruptcy Code, except as otherwise ordered by the Bankruptcy Court. In addition, after the Confirmation Date, so long as such action does not materially and adversely affect the treatment of holders of Allowed Claims and Allowed Interests pursuant to the Plan, the Plan Administrator, with the consent of (i) prior to the Effective Date, the Committee, or (ii) on or after the Effective Date, the Oversight Committee, may remedy any defect or omission or reconcile any inconsistencies in the Plan, the Plan Documents and/or the Confirmation Order, with respect to such matters as may be necessary to carry out the purposes and effects of the Plan, and any holder of a Claim or Interest that has accepted the Plan shall be deemed to have accepted the Plan as amended, modified, or supplemented.

(b) Other Amendments. Prior to the Effective Date, the Debtor may make appropriate technical adjustments and modifications to the Plan without further order or approval of the Bankruptcy Court; provided, however, that such technical adjustments and modifications do not adversely affect in a material way the treatment of holders of Allowed Claims or Allowed Interests under the Plan.

**12.04 Revocation or Withdrawal of the Plan.**

The Debtor reserves the right to revoke or withdraw the Plan prior to the Effective Date. If the Debtor revokes or withdraws the Plan prior to the Effective Date, or if the Effective Date does not occur, then: (a) the Plan shall be null and void in all respects; (b) any settlement or compromise embodied in the Plan (including the fixing or limiting to an amount certain any Claim or Interest or Class of Claims or Interests), assumption or rejection of executory contracts or leases effected by the Plan, and any document or agreement executed pursuant to the Plan shall be deemed null and void; and (c) nothing contained in the Plan shall (i) constitute a waiver or release of any Claims by or against, or any Interests in, the Debtor or any other Person, (ii) prejudice in any manner the rights of the Debtor or any other Person or (iii) constitute an admission of any sort by the Debtor or any other Person.

**12.05 Severability.**

If, prior to the entry of the Confirmation Order, any term or provision of the Plan is held by the Bankruptcy Court to be invalid, void, or unenforceable, the Bankruptcy Court, at the request of the Debtor, shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions of the Plan will remain in full force and effect and will in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

**12.06 Additional Documents.**

On or before the Effective Date, the Debtor may enter into any agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan. The Debtor, the Liquidating Debtor, the Plan Administrator, and all holders of Claims or Interests receiving Plan distributions and all other parties in interest may, from time to time, prepare, execute, and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of the Plan.

**12.07 Governing Law.**

Except to the extent the Bankruptcy Code or Bankruptcy Rules apply, and subject to the provisions of any contract, lease instrument, release, indenture, or other agreement or document entered into expressly in connection herewith, the rights and obligations arising hereunder shall be governed by, and construed and enforced in accordance with, the laws of the State of Delaware, without giving effect to conflict of laws principles; provided, however, that governance matters relating to the Debtor and the Liquidating Debtor, as applicable, shall be governed by the laws of the State of incorporation or formation thereof.

**12.08 Successors and Assigns.**

The rights, benefits, and obligations of any Person named or referred to in the Plan shall be binding upon, and shall inure to the benefit of, the heirs, executors, administrators, successors and/or assigns of such Person.

**12.09 Notices.**

After the Effective Date, any pleading, notice, or other document required by the Plan to be served on or delivered to the Debtor, the Liquidating Debtor, the Committee, or the Plan Administrator shall be served on:

The Debtor:

BAKER & TAYLOR, LLC
13000 South Tryon Street, Suite F
Private Mailbox 191
Charlotte, North Carolina 28278

Counsel for the Debtor:

OFFIT KURMAN, P.A.
Paul J. Winterhalter
Court Plaza South
21 Main Street, Suite 158
Hackensack, New Jersey 07601
Email: pwinterhalter@offitkurman.com

Counsel for the Committee:

LOWENSTEIN SANDLER LLP
Andrew Behlmann
Michael Papandrea
One Lowenstein Drive
Roseland, New Jersey 07068
E-mail: abehlmann@lowenstein.com
E-mail: mpapandrea@lowenstein.com

-and-

LOWENSTEIN SANDLER LLP
Bruce S. Nathan
Eric J. Seltzer
1251 Avenue of the Americas
New York, New York 10020
E-mail: bnathan@lowenstein.com
E-mail: eseltzer@lowenstein.com

**12.10 Reservation of Rights.**

Except as expressly set forth herein, the Plan shall have no force or effect unless the Bankruptcy Court enters the Confirmation Order. None of the filing of the Plan, any statement or provision contained herein, or the taking of any action by the Debtor with respect to the Plan shall be or shall be deemed to be, an admission or waiver of any rights of the Debtor with respect to any Claims or Interests prior to the Effective Date.

**12.11 Waiver or Estoppel.**

Each holder of a Claim or an Interest shall be deemed to have waived any right to assert any argument, including the right to argue that its Claim or Interest should be Allowed in a certain amount, in a certain priority, secured, or not subordinated by virtue of an agreement made with the Debtor or its counsel or any other Person, if such agreement was not disclosed in the Plan, the Disclosure Statement, or papers filed with the Bankruptcy Court prior to the Confirmation Date.

**12.12 Entire Agreement.**

Except as otherwise indicated, and except for any agreements or stipulations entered into by and among the Debtor, the Committee, or any other party in interest and approved by the Bankruptcy Court, the Plan supersedes all previous and contemporaneous negotiations, promises, covenants, agreements, understandings and representations on such subjects, all of which have become merged and integrated into the Plan.

Dated: October 26, 2026

Respectfully submitted,

Baker & Taylor, LLC

By: */s/ Amandeep S. Kochar*
Amandeep S. Kochar
Chief Executive Officer
Baker & Taylor, LLC